EMALINE GRAVES *et al.* v. JAMES R. BOND, *as Executor*.
No. 13,818. (78 Pac. 851.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Jurisdiction in Review.* Section 5019, General Statutes of 1901, gives to the supreme court jurisdiction to review on error controversies involving personal rights and status, and all cases included in said section, except as limitations are imposed by subdivision 3. Limitations on the right to review are imposed by subdivision 3 in cases susceptible of a money valuation, when the amount in controversy, exclusive of costs, is less than $100. Jurisdiction to review is given by said subdivision 3 when the amount in controversy, exclusive of costs, is less than $100, in certain cases specifically enumerated, and where the trial judge certifies to the supreme court that the case belongs to the excepted class.

2. PRACTICE, PROBATE COURT—*Revocation of Letters—Appeal.* The statute (Gen. Stat. 1901, § 2994) makes no provision for an appeal to the district court from an order of the probate court refusing, upon application, to revoke letters testamentary or of administration.

Graves v. Bond.

Error from Washington district court; Hugh Alexander, judge. Opinion filed December 1, 1904. Affirmed.

*Edgar Bennett*, and *Neil F. Graham*, for plaintiffs in error.

*J. W. Rector*, and *T. P. Roney*, for defendant in error.

The opinion of the court was delivered by

Atkinson, J.: In January, 1902, John Bond died testate at his late residence in Washington county, Kansas, leaving an estate to be administered. His last will and testament was duly admitted to probate in Washington county, and James R. Bond and Allen W. Bond, sons of the testator, were appointed executors. They qualified and entered upon the discharge of their duty: Subsequently Allen W. Bond resigned, and James R. Bond continued as sole executor. In February, 1903, Emaline Graves and Arabell McLeod, daughters of the testator and legatees under the will, became dissatisfied with the executor's administration of the affairs of the estate, and filed in the probate court their joint petition, asking that the executor be discharged and removed. A hearing was had before the probate court. The application of the petitioners was denied. From this decision proceedings in appeal to the district court were regularly taken within the prescribed time. In the district court the executor moved to dismiss the appeal, on the ground that the statute made no provision for an appeal in proceedings to discharge or remove an executor. The motion was sustained, the appeal dismissed, and the costs assessed to the petitioners.

The jurisdiction of this court to review the judg-

ment of the district court is challenged.    It is claimed that the jurisdiction of the supreme court to review civil actions, as fixed by statute (Gen. Stat. 1901, § 5019), precludes a review of this case.    The reasons assigned are that it is not shown by the record, or otherwise, that the amount in controversy, exclusive of costs, exceeds $100; that there is no certificate of the trial judge that the case belongs to the excepted classes; and, further, that the case does not belong to the excepted classes.    This challenge to the jurisdiction gives rise to the following inquiries:  (1) What cases does the statute give the supreme court jurisdiction to review on error?    (2) What are the excepted cases?    Section 5019 reads:

"The supreme court may reverse, vacate and modify a judgment of a district court or other court of record, except a probate court for errors appearing on the record; and in the reversal of such judgment or order may reverse, vacate or modify any intermediate order involving the merits of the action, or any portion thereof.    The supreme court may also reverse, vacate or modify any of the following orders of a district court or other court of record, or a judge thereof, except a probate court: 1. A final order.    2. An order that grants or refuses a continuance; discharges, vacates or modifies a provisional remedy; that grants, refuses, vacates or modifies an injunction; that grants or refuses a new trial; or that confirms or refuses to confirm the report of a referee, or that sustains or overrules a demurrer.    3. An order that involves the merits of an action or some part thereof, but shall have no jurisdiction unless the amount or value in controversy exclusive of costs in civil actions exceeds $100, and in misdemeanors.    And in cases involving the tax or revenue laws, or the title to real estate, or an action for damages in which slander, libel, malicious prosecution or false imprisonment is declared upon, or the constitution of this state, or the constitution, laws or treaties of the United States, and when the

judge of the district or superior court trying any case involving less than $100 shall certify to the supreme court that the case is one belonging to the excepted classes."

Observing the well-known rules for the construction of statutes, it is plain, from the arrangement of the subdivision of section 5019, and from a careful reading and analysis of the language used, that it was the intention of the legislature to extend and give to the supreme court jurisdiction to review cases such as proceedings in divorce, the removal of one from office, and all controversies involving personal rights or status, and all those matters mentioned in said section, except where limitations are imposed by subdivision 3. Subdivision 3 was designed to relate to cases susceptible of a money valuation. It was evidently the intention of the legislature, by subdivision 3, to place a limitation on the right of the supreme court to review cases susceptible of a money valuation only when the amount in controversy, exclusive of costs, should be less than $100. Subdivision 3 provides, however, for a review by the supreme court of certain cases where the amount involved, exclusive of costs, is less than $100. These excepted cases are therein specifically enumerated, as follow :

"Cases involving the tax or revenue laws, or the title to real estate, or an action for damages in which slander, libel, malicious prosecution or false imprisonment is declared upon, or the constitution of this state, or the constitution, laws or treaties of the United States."

These specially enumerated cases, where the amount involved, exclusive of costs, is less than $100, are not reviewable by the supreme court unless the trial judge shall certify to the supreme court that they belong to the enumerated and excepted class.

Returning to the case on its merits, appellate courts

have such jurisdiction on appeal as is provided by the statute. The right to an appeal from the probate court to the district court and the grounds for which appeals may be taken are found in section 2994, General Statutes of 1901. Among other grounds therein provided for which an appeal may be taken to the district court is that found in subdivision 9, which reads : ''On orders revoking letters testamentary or of administration.''

No express provision is made by statute for an appeal from the probate court to the district court on orders refusing to revoke letters testamentary or of administration. When the legislature in express terms provided for an appeal on orders revoking letters testamentary or of administration there was then before it for consideration the whole matter of the effect of revoking, and refusing to revoke, such letters. It was seen fit, in express terms, to give the right of appeal to the executor or administrator when his letters were revoked. No such provision for appeal, in express terms, having been given in cases where the probate court, upon application, refuses to revoke letters testamentary or of administration, it must be assumed that the legislature deemed it best that such proceeding should be final with the probate court. The statute provides no appeal to the district court from an order of the probate court refusing, upon application, to revoke letters testamentary or of administration.

The judgment is affirmed.

All the Justices concurring.