## SCHUMAN v. REYNOLDS et al.

No. 20297.   Opinion Filed July 21, 1931.

E. Jacobs, for plaintiff in error.

John M. Milner and M. A. Dennis, for defendants in error.

CLARK, V. C. J.   This action was commenced in the district court of Okmulgee county by Morris Schuman, plaintiff in error, against Thurman Reynolds, a minor, Jerry J. Reynolds, Inda Reynolds, and J. H. Kennedy, defendants in error herein, to quiet title and for possession of the real estate described in the petition, or the alternative relief of foreclosure of tax lien. The parties appearing here as they appeared in the trial court, they will be referred to as they appeared in the trial court.

Plaintiff alleged, in substance, that he was the owner of the real estate described in the petition and entitled to the immediate possession thereof. Deraigned his title by deed from chairman of the board of county commissioners of Okmulgee county, which deed was made a part of the petition and attached thereto as exhibit "A." That defendants are claiming some right, title, or interest in and to the property, the exact nature and extent of which to plaintiff is unknown. Prayed that his title be quieted and that he have judgment for possession of said premises. In his third cause of action, prayed that, if his deed should be declared void, he be subrogated to the rights of the county, and that his lien be declared a first and prior lien, and that he have foreclosure of said lien.

Guardian ad litem was appointed for defendant Thurman Reynolds, a minor. The defendants Jerry J. Reynolds, Inda Reynolds, and J. H. Kennedy filed disclaimers; defendant Thurman Reynolds, a minor, filed demurrer, which demurrer was sustained. The plaintiff brings the cause here for review.

Under section 466, C. O. S. 1921:

"An action may be brought by any person in possession, by himself or tenant, of real property against any person who claims an estate or any interest therein adverse to him for the purpose of determining such adverse estate or interest, and such action may be joined with an action to recover possession of such real property by any person not in possession."

Under section 467, C. O. S. 1921:

"In actions for the recovery of real property, it shall be necessary for the plaintiff to set forth in detail the facts relied upon to establish his claim, and to attach to his petition copies of all deeds or other evidences of title, as in actions upon written contracts; and he must establish the allegations of his petition. whether answer be filed or not."

The plaintiff alleged:

1. He was the owner of the title in fee simple and of the equitable estate in and to the property described in the petition.

2. Entitled to the immediate possession thereof.

3. Alleged he deraigned his title from deed executed by chairman of board of county commissioners of Okmulgee county, and attached said deed as exhibit to his petition.

4. Alleged the defendants were claiming some right, title, or interest in and to said property, and that said claim constituted a cloud on title of plaintiff.

5. Alleged that the defendants wrongfully withheld possession of said property from plaintiff.

6. Prayed that his title be quieted and he have possession of said property.

The petition did not allege that the lands described in said petition had been owned by the defendants, or either of them, and did not show that the prior owners of said land were under disabilities at the time the lands were sold for taxes upon which the deed to plaintiff was based; and, therefore, the questions presented in the brief of defendant in error cannot be passed upon by this court in this appeal; and the petition containing the necessary averments in a suit to quiet title and for possession, it was error for the court to sustain the demurrer.

We, therefore, hold that the trial court

erred in sustaining the demurrer in this cause, and the judgment of the trial court is reversed, and said cause remanded to the district court of Okmulgee county, with directions to overrule the demurrer.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

Note.—See 5 R. C. L. 670; R. C. L. Perm. Supp. p. 1450; R. C. L. Pocket Part, title "Cloud on Title," § 42.