Arthur SMITH and May Smith, Plaintiffs in Error,

v.

Newt D. GOULD, Defendant in Error.

No. 40985.

Supreme Court of Oklahoma.

Oct. 10, 1967.

Kenneth W. Lackey, Eufaula, for plaintiffs in error.

Selby, Neptune & Connor, Bartlesville, for defendant in error.

DAVISON, Justice.

The sole question involved in this appeal is the correctness of the judgment of the trial court dismissing an appeal from the county court to the district court from an order of the county court refusing to remove an administrator of the estates of deceased persons.

The factual background of this litigation is thoroughly discussed in Gould v. Smith, Okl., 405 P.2d 82.

During the month of August, 1963, George L. Gould and Barbara L. Gould, husband and wife, residents of Washington County, Oklahoma, were killed in an automobile accident in the State of Minnesota, and left surviving three minor children, Sandra, age 9, Martin, age 5, and Michael, age 2.

On August 28, 1963, Newt D. Gould, brother of George L. Gould, deceased, filed a petition in the County Court of Washington County for the appointment of himself as administrator of the estates of George and Barbara Gould. On September 13, 1963, the court appointed Gould special administrator of said estates and continued

the hearing for the appointment of a general administrator until after a guardian had been appointed for the minor children.

The physical custody of the minors was delivered to Arthur Smith and May Smith, residents of Eufaula, McIntosh County, Oklahoma, the maternal grandparents of the children.

On October 31, 1963, the maternal grandparents filed a petition in the County Court of McIntosh County seeking appointment as guardians of said minors. The paternal grandparents filed a petition seeking the appointment of Newt D. Gould as guardian. The County Court of McIntosh County on November 20, 1963, appointed Newt D. Gould guardian of said minors. The maternal grandparents prosecuted an appeal to the District Court of McIntosh County. On January 14, 1964, the District Court of McIntosh County reversed the County Court and appointed the maternal grandparents guardians of the minors. On appeal we affirmed the decision of the district court. Gould v. Smith, supra.

On November 22, 1963 Newt D. Gould filed in the County Court of Washington County a second petition seeking appointment as administrator of the estates of George and Barbara Gould reciting that as guardian of the minors he is entitled to the appointment under the provisions of 58 O.S.1961, § 125. The petition was set for hearing on December 3, 1963. The maternal grandparents filed a motion seeking a continuance of the hearing until after the guardianship question had been determined by the District Court of McIntosh County on the appeal of the maternal grandparents. On December 3, 1963, the county court overruled the motion for continuance and appointed Newt D. Gould administrator of the estates of George and Barbara L. Gould.

During the next few months Newt D. Gould proceeded with the orderly administration of the estates. His report as special administrator wherein he waived any claim for fees or services was approved.

On February 11, 1964, the maternal grandparents filed an application reciting in substance that on January 14, 1964, the District Court of McIntosh County vacated the appointment of Newt D. Gould as guardian of the minors and appointed the maternal grandparents. They sought the removal of Newt D. Gould as administrator and their appointment as joint administrators. The County Court of Washington County on March 6, 1964, denied the application. The maternal grandparents appealed to the District Court of Washington County. The District Court of Washington County on April 14, 1964, dismissed the appeal holding that the order entered in the county court "wherein the court refused to revoke * * * the letters of administration of Newt D. Gould * * * is not an appealable order, and that said appeal should be dismissed for lack of jurisdiction."

The case is regularly before this court for hearing and disposition on appeal of the plaintiffs in error, the maternal grandparents.

We held in Adair v. Montgomery, 74 Okl. 21, 176 P. 911, that appeals from the county court to the district court in probate proceedings are purely statutory and strict compliance with the provisions of our statutes governing such appeals is required.

Appeals from the county court to the district court in probate proceedings are authorized by 58 O.S.1961, § 721, the material portions reading as follows:

"An appeal may be taken to the district court from a judgment, decree or order of the county court:

"1. Granting, or refusing, or revoking letters testamentary or of administration, or of guardianship.

*   *   *   *   *   *

"8. From any other judgment, decree or order of the county court in a probate cause, or of the judge thereof, affecting a substantial right."

■ The statute does not authorize appeals from the county court to the district court from orders of the county court refusing to remove administrators or revoke letters testamentary or of administration in absence of a showing of the violation of a substantial right.

The exact question was before the Supreme Court of Kansas in Graves v. Bond, 70 Kan. 464, 78 P. 851, wherein the court construing a similar statute said:

"* * * The right to an appeal from the probate court to the district court, and the grounds for which appeals may be taken, are found in section 2994, Gen.St. 1901. Among other grounds therein provided for which an appeal may be taken to the district court is that found in subdivision 9, which reads: On orders revoking letters testamentary or of administration.' No express provision is made by statute for an appeal from the probate court to the district court on orders refusing to revoke letters testamentary or of administration. When the Legislature in express terms provided for an appeal on orders revoking letters testamentary or of administration, there was then before it for consideration the whole matter of the effect of revoking and refusing to revoke such letters. It was seen fit, in express terms, to give the right of appeal to the executor or administrator when his letters were revoked. No such provision for appeal in express terms having been given in cases where the probate court upon application refused to revoke letters testamentary or of administration, it must be assumed it was by the Legislature deemed best that such proceeding should be final with the probate court. The statute provides no appeal to the district court from an order of the probate court refusing, upon application, to revoke letters testamentary or of administration."

In re Moore's Estate, 68 Cal. 394, 9 P. 315, the California court said:

"This is an appeal from an order of the probate court refusing to remove an administrator. In probate matters this court has such jurisdiction as may be provided by the legislative department of the government. Const. art. 6, § 4. There being no provision of the statute authorizing an appeal from an order of the probate court refusing to remove an administrator, the appeal herein taken is dismissed."

■ Counsel for the plaintiffs in error, citing In re Pitman's Guardianship, 107 Okl. 108, 238 P. 417, argue that the appeal is authorized under the provisions of subsection 8, § 721, supra. The case is distinguishable on the facts. In the Pitman case a cousin of a minor incompetent as his next friend filed a petition in the county court seeking removal of his guardian alleging gross irregularities of the guardian and dissipation of the minor's funds by the guardian. The county court refused to remove the guardian. The next friend appealed to the district court. We held the appeal proper for the reason that a "substantial right" of the minor was involved. Subsection 8, § 721, supra. In the instant case no "substantial right" is involved. The maternal grandparents' sole contention is that several months after the administrator was legally appointed they as guardians of the minor secured the right to nominate the administrator. They do not contend that the administrator has mismanaged the estates. The record establishes that the present administrator has carefully and prudently administered the estates by handling and disposing of personal property to the best interests of the estates and has in all things conducted the affairs of the estates in an economical, efficient and business-like manner.

There are many logical considerations which quite likely prompted the early codifiers of our statutes in the formulative stages of our government for not providing an appeal to the district court from an order of the county court refusing to remove an administrator or guardian, except where a "substantial right" of the estate is involved. The appointment of a new

administrator disturbs the orderly administration of the estate. It also requires the estate to incur the expense of premiums of the bond of the new administrator, the payment of attorney fees of two separate attorneys and the expense of auditing the estate twice. If the incumbent administrator is as shown in the present case administering the estate properly and no "substantial right" of the estate is being invaded the interests of the estate are best served by not permitting an appeal from the order refusing to remove the administrator.

Affirmed.

JACKSON, C. J., IRWIN, V. C. J., and WILLIAMS, HODGES, LAVENDER, and McINERNEY, JJ., concur.

BERRY, J., concurs in result.

BLACKBIRD, J., dissents.