Jim GAFFNEY, Administrator of the Estate of Richard J. Spears, Deceased, Plaintiff in Error,

v.

Jo Ann McQUEEN, Defendant in Error.

Nos. 42484, 42485.

Supreme Court of Oklahoma.

Dec. 1, 1970.

As Corrected March 29, 1971.

Rehearing Denied March 30, 1971 in No. 42484.

Carl W. Longmire, Pryor, for plaintiff in error.

John Carle, Claremore, for defendant in error.

WILLIAMS, Justice.

These are appeals from two judgments of the district court reversing judgments of the County Court of Mayes County entered in separate but related causes consolidated for trial in both the county and district courts.

Cause No. P–5066 in the County Court of Mayes County was instituted May 23, 1966, by the filing of a petition for the issuance of letters of administration in the Estate of Jesse Richard Spears, Deceased. This petition recites that Jo Ann McQueen, defendant in error herein, is the petitioner, although it was executed by the attorney. The petition states petitioner is the legal guardian of Marcus John Spears, brother and sole heir of the deceased and requests letters of administration be issued to some suitable person. The record herein reflects notice setting hearing of the petition by the county court on June 6, 1966, was issued by the county judge and an affidavit stating notice had been mailed to Marcus John Spears and petitioner was executed by petitioner's alleged attorney. The record does not include any proof of posting or the publication of the notice. At the conclusion of the hearing in the county court, Jim Gaffney, plaintiff in error in both appeals herein, was appointed administrator of the Estate of Jesse Richard Spears, Deceased. The order appointing the administrator recites that notice was given by mailing.

In July, 1966, Jo Ann McQueen filed a petition, executed in her name, in the County Court of Mayes County requesting that she be appointed administratrix of the Estate of Richard J. Spears, Deceased. This proceeding was docketed as Cause No. P–5083 in the county court. In this petition, petitioner alleged she was the grandmother of deceased and that Marcus John Spears, age 17, was the brother and sole heir of the deceased. Notice setting hearing of the petition on July 29th, was given both by mailing and publication. The hearing in this cause subsequently was continued to August 23, 1966.

On August 3, 1966, Mrs. McQueen filed a motion in Cause No. P–5066, wherein Gaffney had been appointed administrator of the Estate of Jesse Richard Spears, Deceased, requesting that the court vacate the order appointing Gaffney on the grounds that she had a prior right to letters of administration in the estate of the deceased (whose correct name she alleged to be Richard J. Spears); that the attorney allegedly representing her in such cause had no authority to file the petition; and, that neither she nor Marcus John Spears had notice of the proceeding and that notice therein was not posted, published or mailed as required by law.

At the conclusion of hearing evidence in the two causes (consolidated for trial) the county court overruled Mrs. McQueen's motion filed in No. P–5066 by which she sought to remove the administrator and revoke letters of administration and entered a judgment in No. P–5083 dismissing Mrs. McQueen's petition for issuance to her of letters of administration in the Estate of Richard J. Spears. The rulings in both causes were appealed by Mrs. McQueen to the district court wherein they were docketed as separate causes (numbered 11,853 and 11,854, respectively) but treated as consolidated for purposes of trial.

The evidence submitted at trial de novo in the district court established that the deceased, Richard J. Spears (or Jesse Richard Spears) and his natural brother, Marcus John Spears, were adopted by Grace Spears, daughter of Mrs. McQueen, in 1949. Mrs. Spears died on March 25, 1966. Less than one month later, her adopted son, Richard J. Spears, was killed in an airplane accident near Ardmore, Oklahoma, while in the service of the United States Army. During much of the three year period prior to Mrs. Spears' death, her other adopted son, Marcus John Spears, had resided with Mrs. McQueen in Spavinaw, Oklahoma.

At trial in the district court, Lt. Colonel McClure, a regular Army Officer assigned to the Oklahoma Military Academy in Claremore, testified that immediately following the death of Richard J. Spears, he was appointed Survivors' Assistance Officer and instructed by Headquarters 4th Army to advise the deceased's family of the death. In carrying out his assigned duties, Col. McClure stated he discovered Mrs. Spears had died and deceased's (Richard J. Spears') natural brother was living with their adoptive grandmother, Mrs. McQueen. Due to the somewhat confusing circumstances, Col. McClure contacted the Judge Advocates' offices at both Ft. Sill, Oklahoma and Headquarters, 4th Army and was advised to have a guardian appointed for deceased's minor brother. In an attempt to obtain "free legal assistance" in establishing the guardianship, Col. McClure stated that he and his assistant, Major Brown, contacted Mr. Carl Longmire, County Attorney of Mayes County, who agreed to perform the necessary legal work at no charge. Col. McClure further stated that he and Major Brown subsequently brought Mrs. McQueen into Longmire's office for the purpose of giving the information for the preparation of the necessary instruments in the guardianship proceedings, aided in obtaining the execution of the instruments, and brought Mrs. McQueen to Pryor for the court proceedings in which she was appointed guardian of Marcus John Spears. Col. McClure, although aware of Mrs. McQueen's age and a previous illness she had suffered, was of the opinion she was capable of handling the duties of guardian or administratrix.

From his testimony, it appears Mrs. McQueen's attorney in Cause No. P–5083 was selected by her from a list of several attorneys compiled by Lt. Colonel McClure and Major Brown.

In her testimony, Mrs. McQueen, among other matters, was questioned about the events surrounding her appointment as guardian and her relationship with Mr. Longmire. She denied ever having employed Longmire to represent her in the guardianship proceeding; rather, in effect, she testified that she had relied upon the assistance of Lt. Colonel McClure and Major Brown. Mrs. McQueen also denied having authorized Longmire to institute the administration proceedings and having received notice thereof. She stated that Longmire had come to her home sometime subsequent to her appointment as guardian and mentioned the need of the administration of deceased's estate but that she had informed him she did not desire to retain a lawyer and intended to act as administratrix herself.

Marcus John Spears, a minor and natural brother and sole heir of deceased, stated it was his preference Mrs. McQueen be appointed administratrix of his brother's estate. He further testified he was present when Mr. Longmire came to Mrs. McQueen's home and denied having heard his grandmother authorize Longmire to commence administration proceedings.

Over objections of counsel, Mr. Longmire testified Mrs. McQueen did authorize him to commence administration proceedings at the time he made the above mentioned visit to her home and was agreeable to the appointment of Gaffney, an acquaintance of Mr. Longmire. However, he admitted he had no written contract of employment.

At the conclusion of trial, the district court entered judgments in the two appealed causes. In Cause No. 11,853, the district court reversed the county court's judgment in Cause No. P–5066, and sustained the motion of Mrs. McQueen to revoke letters of administration issued to Gaffney. In Cause No. 11,854, the court found Mrs. McQueen entitled to issuance of letters of administration in the estate of Richard J. Spears, Deceased, and remanded the cause to the county court for further proceedings in its Cause No. P–5083. From these judgments and orders overruling his motions for new trial, Gaffney appeals.

These appeals have been docketed in this Court as separate causes. However, in view of the fact that the parties treated the causes as consolidated for purposes of trial in both the county and district courts, and because doing so best serves the convenience of this Court, we are disposing of both appealed cases in this opinion.

In his first proposition for reversal, Gaffney contends the district court had no jurisdiction to hear an appeal of the order of the county court in Cause No. P–5066 (overruling motion to remove Gaffney as administrator) as the order did not affect a substantial right.

The applicable provisions of 58 O.S. 1961, § 721 state:

"An appeal may be taken to the district court from a judgment, decree or order of the county court:

\*   \*   \*   \*   \*   \*

8. From any other judgment, decree or order of the county court in a probate cause, or of the judge thereof, affecting a substantial right."

In Smith v. Gould, Okl., 434 P.2d 176, the maternal grandparents were appointed guardians of three minor children, and thus secured the right to nominate the administrators of the estates of the children's deceased parents, several months after the appointment of the deceased father's brother as administrator of such estates. Subsequent to being appointed guardians, the maternal grandparents sought the removal of the brother as administrator and their appointment as joint administrators. The county court denied the grandparents' application and they appealed. The district court dismissed the appeal on the ground it lacked jurisdiction. In affirming the dis-

trict court, we held that under these facts including the lack of any contention that the administrator had mismanaged the estates, no substantial right had been affected and thus there was no statutory basis for the appeal to the district court.

However, it is our opinion in the instant case that a substantial right was affected by the order of the county court overruling Mrs. McQueen's motion to remove Gaffney as the administrator of the deceased's estate.

■ From the record herein, there is no doubt Marcus John Spears was the natural brother and sole heir of Richard J. Spears, Deceased, and as such had a prior right to the issuance of letters of administration in his brother's estate. See 58 O.S.1961, § 122. Marcus John Spears was a minor and Mrs. McQueen was duly appointed his guardian. As his guardian, she succeeded to his prior right to the issuance of letters. See 58 O.S.1961, § 125.

■ The petition in Cause No. P–5066 in the County Court of Mayes County, although filed in the name of Mrs. McQueen as guardian, was executed by her alleged attorney. Throughout the proceedings in the county and district courts, Mrs. McQueen denied having retained Mr. Longmire or having authorized him to file the petition in No. P–5066. Inherent in the judgment of the district court is the finding that Mr. Longmire was not authorized to file such petition. In our opinion such finding was not against the clear weight of the evidence.

■ Unlike the situation in Smith v. Gould, supra, Mrs. McQueen had a prior right to the issuance of letters at the time the first administrator was appointed. In our view, this prior right was a substantial one affected by the order of the county court appointing Gaffney administrator, and the subsequent order refusing to vacate the appointment, both entered in a proceeding the institution of which the dis-

trict court found to be unauthorized by Mrs. McQueen as guardian. Thus, it is our opinion the district court had jurisdiction to hear the appeal from Cause No. P–5066 and its judgment reversing the judgment of the county court therein is affirmed.

In view of the above determination, we find it unnecessary to consider whether the county court did not have jurisdiction to proceed in No. P–5066 due to the possible lack of proper notice. See 58 O.S.1961, § 128, applicable at the time the proceeding herein was instituted.

■ In his second proposition for reversal, Gaffney contends that neither the county nor the district courts had jurisdiction of the proceeding instituted in the county court as No. P–5083 as an administrator already had been appointed in No. P–5066. However, the proceedings in the county court in No. P–5083 were continued until such time as they could be heard with the motion in No. P–5066 to remove Gaffney as administrator. As above noted, the causes were consolidated for trial in both the county and district court. The two causes in effect encompassed one controversy, i. e., the removal of Gaffney and the appointment of Mrs. McQueen as administratrix. In our view, the county court had jurisdiction in Cause No. P–5083 and the district court had jurisdiction of the appeal therefrom.

The judgment of the district court reversing the judgment of the county court entered in Cause No. P–5083, finding Mrs. McQueen had a prior right to the issuance of letters of administration in the Estate of Richard J. Spears, Deceased, and remanding the cause to the county court, is affirmed.

Judgments affirmed.

IRWIN, C. J., BERRY, V. C. J., and BLACKBIRD, JACKSON, HODGES and LAVENDER, JJ., concur.