OSCN Found Document:IN THE MATTER OF THE ESTATE OF MELISSA EVANS, DECEASED. JOSHUA EVANS v. GREER

 

 
 IN THE MATTER OF THE ESTATE OF MELISSA EVANS, DECEASED. JOSHUA EVANS v. GREER2025 OK 89Case Number: 122249Decided: 12/09/2025THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 89, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN THE MATTER OF THE ESTATE OF MELISSA EVANS, DECEASED.
PETITIONER, JOSHUA EVANS, BENEFICIARY, APPELLANT
v.
JUSTIN GREER, PERSONAL REPRESENTATIVE, ESTATE OF MELISSA EVANS, DECEASED, APPELLEE.

 

APPEAL FROM THE DISTRICT COURT OF ROGERS COUNTY
STATE OF OKLAHOMA, HONORABLE SUE NIGH

¶0 Melissa Evans died in a car accident on September 3, 2020, leaving a will that named her former spouse as the primary beneficiary and her descendants as contingent beneficiaries. Her son, Joshua Evans, initiated probate proceedings and, on November 17, 2020, obtained an order which admitted the will to probate, appointed Joshua as personal representative, and identified the heirs, devisees, and legatees. Joshua was later removed, and James Greer was appointed as successor personal representative. On January 5, 2024, Greer moved to vacate that portion of the 2020 order identifying heirs and beneficiaries. The motion alleged Joshua neglected to serve two individuals entitled to notice, including the decedent's former stepdaughter. The trial court granted the motion on March 25, 2024. Two months later the trial judge entered a new order modifying the list of heirs and beneficiaries, specifically finding Decedent's former stepdaughter was a beneficiary under the will. Joshua filed the present appeal on June 11, 2024, challenging both the court's authority to vacate the 2020 order and its subsequent determination of heir and beneficiary status. We retained the appeal but now dismiss it, concluding that Joshua's challenge to the vacatur order is untimely and that the interlocutory order identifying heirs, devisees, and legatees is not appealable.

APPEAL PREVIOUSLY RETAINED ON THIS COURT'S OWN MOTION; APPEAL DISMISSED.

JAMES W. STAMPER,
TULSA, OK
ATTORNEY FOR APPELLANT

J. TODD WILLHOITE,
CLAREMORE, OK
ATTORNEY FOR RESPONDENT/APPELLEE

GURICH, J. 

FACTUAL & PROCEDURAL HISTORY

¶1 Melissa Evans (Decedent) executed a last will and testament dated December 6, 2001. In Section 1.1 of the will, Decedent declared that she was married to Scott J. Evans (Scott). Section 5.2 of the will provides: "I give the balance of my residuary estate to [my spouse], if he survives me by at least thirty (30) days." 

¶2 Decedent died in a motor vehicle accident on September 3, 2020. Shortly thereafter, Appellant initiated probate proceedings in Rogers County, filing the original will and a Petition for Probate, Appointment as Personal Representative, Determination of Heirs, Devisees, and Legatees and Issuance of Letters Testamentary. The petition identified only Appellant and his brother Ryan as potential heirs or beneficiaries; it did not acknowledge that Tamra and Scott were specifically identified in the will as potential beneficiaries. Neither of these individuals received notice of the petition or the hearing scheduled for November 4, 2020. An affidavit of mailing reflects that only Appellant and Ryan were served with notice. According to the parties, the November 4 hearing was rescheduled for November 25, 2020; but again, the record does not reflect service on Tamra or Scott. 

¶3 On November 28, 2022, the lower court removed Appellant as personal representative. Kathy Knox was appointed by the court to serve as a neutral third party representative. Knox resigned on October 30, 2023, and was succeeded by James J. Greer on November 13, 2023.

¶4 The parties represent that on January 5, 2024, Greer filed a motion to partially vacate the November 2020 order. 

¶5 On April 2, 2024, Greer filed a petition seeking a corrected determination of Decedent's heirs, devisees, and legatees. The petition was set for hearing on May 13, 2024, with notice provided to Appellant, Ryan, Tamra, and their respective attorneys. After hearing argument, the court found that although Decedent named her former spouse, Scott, as personal representative and beneficiary in her will, he could not be an heir because the couple divorced in 2014. 

Now, if we get on down the road and she -- you know, further investigation is done and it shows that she was not -- everything you're saying, that she was not adopted, she is not truly an heir at law -- then that's fine and she can -- then I would suspect that there would be a declination. But all of that needs to be in the court file. Because at this point it says, "we have three children." 

Following this explanation, the trial court pronounced from the bench that Appellant, Ryan, and Tamra were Decedent's sole heirs. However, the written order entered the same day conflicts with the judge's pronouncement, finding Appellant and Ryan are the sole heirs-at-law. Further, the memorialized order concluded that Appellant, Ryan, and Tamra were each a beneficiary under the will.

¶6 Appellant then initiated the present appeal on June 11, 2024, attaching only a copy of the May 13, 2024, Order Determining Heirs, Beneficiaries, Devisees and Legatees. In his Brief in Chief, Appellant raises two arguments which are summarized as follows: (1) Greer's motion to vacate was untimely and lacked proper grounds; and (2) the trial court erroneously determined Tamra was an heir and beneficiary under the terms of Decedent's will. We retained this matter but now dismiss the appeal because any challenge to the March 25, 2024, Order to Vacate is untimely, and the May 13, 2024, determination of heirs, devisees, and legatees is not an interlocutory ruling appealable as of right.

STANDARD OF REVIEW

¶7 This appeal presents two primary issues. The first--whether the personal representative's motion to vacate was untimely under 12 O.S.2021, § 1038Matter of Estate of Fulks, 2020 OK 94477 P.3d 1143Harmon v. Cradduck, 2012 OK 80286 P.3d 643

¶8 The second question presented on appeal--whether the trial judge erred by determining Tamra was an heir and beneficiary under the terms of Decedent's will--involves both a review of the trial court's factual determinations and interpretation of a testamentary instrument. When reviewing a lower court's interpretation of a last will and testament, we are guided by the cardinal rule mandating "[construction] according to the intention of the testator." 84 O.S.2021, § 151Matter of Estate of Sneed, 1998 OK 8953 P.2d 1111

¶9 Another threshold issue is whether the matters raised by Appellant fall within the narrow class of rulings subject to interlocutory review. When a case is brought before this Court on appeal, we have an independent duty to inquire into our own jurisdiction as well as that of the trial court. Matter of S.J.W., 2023 OK 49535 P.3d 1235Dennis v. Lathrop, 1951 OK 87233 P.2d 969

ANALYSIS

Joshua Evans's appellate challenge of the March 25, 2024, Order to Vacate was untimely. 

¶10 Appellant first challenges the timing and merits of Greer's motion to vacate the order determining heirs, devisees, and legatees originally filed on November 17, 2020. Citing 12 O.S.2021, § 1038

¶11 An appeal from an interlocutory order appealable by right must be commenced by filing a petition in error, together with a cost deposit or pauper's affidavit, within thirty (30) days of the filing date of the subject order. 12 O.S.2021, § 993see also Okla. Sup Ct. R. 1.61. This time limit cannot be extended by the filing of a motion or petition for new trial, reconsideration, re-examination, rehearing, or to vacate a judgment except as provided in Okla. Sup. Ct. Rule 1.22. See Okla. Sup. Ct. R. 1.40(e). The trial court's Order to Vacate was filed on March 25, 2024, and Appellant did not file his petition in error until June 11, 2024. See Estate of Sneed, 1998 OK 8

The trial court's modified order determining heirs, devisees, and legatees is not an order affecting a substantial right under (10), and therefore, is not immediately appealable.

¶12 In his second assignment of error, Appellant contends the trial court erred in its May 13, 2024, order by recognizing Tamra Evans as a beneficiary. He argues Tamra does not fall within the will's definition of "descendant" and thus has no claim to the residuary estate. Greer responds by arguing that (1) Appellant has never presented any evidence showing Tamra was only Decedent's stepchild; and (2) the will refers to Tamra as Decedent's child, entitling her to a share of the residuary estate. However, we must initially determine whether this ruling qualifies as an interlocutory order appealable by right.

¶13 An order determining the identity of heirs, devisees, and legatees prior to entry of an order distributing estate assets is not a final judgment. Title 58 O.S.2021, § 240

Any determination of heirs, legatees and devisees made pursuant to this section shall be conclusive for the purpose of acting upon any petition or application purporting to include waivers or consents of all heirs, devisees, and legatees, but shall not establish the proportional interest of any person entitled to receive any distribution of assets or property from the estate; nor shall it prevent any person or entity from later establishing identity or rights as an heir, devisee or legatee. (emphasis added).

This statutory section makes clear that preliminary orders identifying heirs and beneficiaries are interlocutory and subject to modification. They may be relied upon for administrative convenience, but they do not bind the court as to the parties' ultimate rights or shares in the estate. Accordingly, a request to amend or revisit a prior determination concerning heirs, devisees, or legatees may be presented any time before entry of a final judgment in the probate proceeding. The respective rights of all heirs and beneficiaries are not final until entry of a decree distributing an estate in accordance with 58 O.S.2021, § 632

¶14 As mentioned above, the Oklahoma Probate Code sets forth certain interlocutory orders, which are appealable prior to entry of a final decree of distribution. Title 58 O.S.2021, § 721

An appeal may be taken from the following judgments or orders of the district court:

1. Granting, or refusing, or revoking letters testamentary or of administration, or of guardianship, or conservatorship;

2. Admitting, or refusing to admit, a will to probate;

3. Against or in favor of the validity of a will or revoking the probate thereof;

4. Against or in favor of setting apart property, or making an allowance for a widow or child;

5. Against or in favor of directing the partition, sale or conveyance of real property;

6. Settling an account of an executor, or administrator or guardian;

7. Refusing, allowing or directing the distribution or partition of an estate, or any part thereof or the payment of a debt, claim, legacy or distributive share;

8. Refusing or allowing the release of estate tax liability;

9. An order determining liability for estate taxes made pursuant to Section 268 of this title; or

10. From any other judgment, decree or order of the court in a probate cause, or of the judge thereof, affecting a substantial right.

(emphasis added).

A challenge to a ruling identifying the heirs, devisees, and legatees does not fall within any of the specific interlocutory orders appealable by right under 58 O.S. § 721

¶15 Although case law construing the phrase "affecting a substantial right" is limited in both the number of cases and scope of discussion, we have recognized that this subsection is broader than the preceding provisions addressing specific probate orders. Matter of Hicks Estate, 1941 OK 184116 P.2d 905In re Mize's Guardianship, 1943 OK 321142 P.2d 116

¶16 For example, in Guardianship of Berry, 2014 OK 56335 P.3d 779See also Towne v. Hubbard, 1999 OK 10977 P.2d 108458 O.S.1991, § 721Lebus v. Carden, 1978 OK 91583 P.2d 503See, e.g., State ex rel. Reirdon v. Marshall Cnty., 1938 OK 42481 P.2d 488Smith v. Gould, 1967 OK 207434 P.2d 176Bank of Hartshorne v. Davis, 1931 OK 476

¶17 In In re Tayrien's Estate, 1952 OK 384250 P.2d 1658 O.S. § 721Id. ¶ 5, 250 P.2d at 17. The Court reasoned that (1) the order failed to finally determine the parties' rights; (2) the omitted heir's interests could still be fully protected by an appeal from the ultimate decree of distribution; and (3) the order did not impair any substantial right of the heir. Id. Accordingly, the Court treated the ruling as a non-appealable interlocutory order and dismissed the case. Id. ¶ 6, 250 P.2d at 17. 

¶18 Because the Legislature expressly enumerated specific interlocutory probate orders which are immediately appealable, subsection (10) should be narrowly construed to apply only where a substantial right would be irreparably lost absent immediate review. Limiting subsection (10) to exclude review of preliminary determinations of heirship or beneficiary status--absent an adverse effect on a substantial right--better comports with the statutory text, aligns with § 721's structure and purpose, and promotes judicial economy in probate proceedings. By reading the statutory section in this way, we best preserve the integrity and orderly progression of probate proceedings while still ensuring any alleged error remains subject to review following entry of a final decree. Further, to hold otherwise would expand § 721(10) beyond its text and invite interlocutory review of virtually any substantive ruling in estate administration.

¶19 Under this set of facts, neither Appellant's brief nor the face of the trial court's order reflects an impact to a substantial right sufficient to invoke this Court's appellate jurisdiction under 58 O.S.2021, § 721

CONCLUSION

¶20 Appellant's challenge to the order vacating the initial determination of heirs, devisees, and legatees was untimely. In addition, the modified order determining heirs, devisees, and legatees does not qualify as an appealable interlocutory order under 58 O.S.2021, § 721

APPEAL PREVIOUSLY RETAINED ON THIS COURT'S OWN MOTION; APPEAL DISMISSED.

ALL JUSTICES CONCUR

FOOTNOTES

58 O.S.2011, § 311See Matter of the Estate of Evans, 2024 OK 65556 P.3d 623

Id. at p 18, lines 1-7.

84 O.S.2021, § 114

A. If, after making a will, the testator is divorced, all provisions in such will in favor of the testator's spouse so divorced are thereby revoked. Annulment of the testator's marriage shall have the same effect as a divorce. In the event of either divorce or annulment, the testator's former spouse shall be treated for all purposes under the will as having predeceased the testator. Provided, however, this section shall not apply if the decree of divorce or of annulment is vacated or if the testator remarries his former spouse, or following said divorce or annulment, executes a new will or codicil which is not revoked or held invalid.

B. This section shall apply to any will of a decedent dying on or after November 1, 1987. (emphasis added).

The Decedent's 2001 will was executed well before the parties' divorce in 2014; consequently, any interest Scott may have held under the will was extinguished by operation of law.

Duke v. Duke, 2020 OK 6457 P.3d 1073see also State v. Price, 2012 OK 51280 P.3d 943

See Owens v. Owens, 2023 OK 12529 P.3d 905

12 O.S.2021, § 99358 O.S.2021, § 721See LCR v. Linwood Properties, 1996 OK 73918 P.2d 1388

58 O.S.2021, § 240See, infra. Under Oklahoma law, probate proceedings are governed by their own statutory scheme, and both the Probate Code and our precedent distinguish between interlocutory rulings and final orders. See Matter of Estate of Landing, 2023 OK 117539 P.3d 1286

In the order or decree, the court must name the persons and the proportions or parts to which each shall be entitled, and such persons may demand, sue for and recover their respective shares from the executor or administrator, or any person having the same in possession. Such order or decree is conclusive as to the rights of heirs, legatees or devisees, subject only to be reversed, set aside, or modified on appeal.

Matter of Estate of Nation, 1992 OK 91834 P.2d 442In re Tayrien's Estate. However, in a special concurrence, Justice Summers candidly acknowledged a potential conflict, stating, "I would go a step further and expressly overrule In re Tayrien's Estate to the extent it is inconsistent with today's order." Id. (Summers, J., specially concurring). This divergence underscores the apparent lack of harmony between Tayrien's Estate and Estate of Nation.

See supra note 9.

58 O.S.2021, § 632