**Mary K. LEBUS, Appellant,**

v.

**Honorable Edwin D. CARDEN, Judge of the District Court of Rogers County, Oklahoma, and James Peter Tanner, Guardian of the Estate of Mary Kirk Lebus, Appellees.**

**No. 51659.**

Supreme Court of Oklahoma.

June 20, 1978.

Bruce H. Harlton, Tulsa, for appellant.

C. Michael Zacharias, Summerlin, Williams & Zacharias, Claremore, for appellees.

WILLIAMS, Justice.

This is an appeal by Mary K. Lebus from an order of the District Court of Rogers County, Oklahoma, refusing to vacate an order adjudging her to be an incompetent in need of guardianship. In the petition in error, appellant alleges (1) that the order adjudging her to be an incompetent person and in need of a guardian was entered on August 24, 1977, ex parte and without notice; (2) that on August 25, 1977, appellant

---

filed a motion to vacate the order because of lack of notice; and (3) that on October 24, 1977, the trial court entered judgment refusing to vacate the prior order.

The matter now before this Court is a motion to dismiss the appeal filed by appellees. The ground alleged is that the order overruling the motion to vacate is not an appealable judgment under 58 O.S.1971, Sec. 721 or the applicable Rules of Appellate Procedure in Civil Cases (Rules 1.10 and 1.60).

Under 58 O.S.Supp.1972, Sec. 851, when it is represented to the court that a person "is insane, or from any cause mentally incompetent to manage his property", the court must give five days notice of the time and place of the hearing. This section was formerly codified as Compiled Statutes of 1921, Section 1449. In *In re Winnett's Guardianship*, 112 Okl. 43, 239 P. 603, this Court held in the first paragraph of the syllabus by the Court that " * * * the court acquires no jurisdiction to hear the cause until the 5 days' notice provided by statute has elapsed".

58 O.S.1971, Sec. 721 provides in pertinent part as follows:

"An appeal may be taken from the following judgments or orders of the District Court:

" * * *

"8. From any other judgment, decree or order of the court in a probate cause, or of the judge thereof, affecting a substantial right."

This Court has often held that notice and an opportunity to be heard are two of the essential elements of due process of law. See *In Re White's Estate*, 175 Okl. 439, 52 P.2d 1074; *Greco v. Foster*, Okl., 268 P.2d 215; *Hicks v. Hamilton*, Okl., 283 P.2d 1115; *Ballinger v. Sarkeys*, Okl., 360 P.2d 515; *Board of County Commissioners of Oklahoma County v. Weatherford et al.*, Okl., 565 P.2d 35.

Rule 1.60 of the Rules of Appellate Procedure in Civil Cases is a "Definition of interlocutory orders appealable by right". That rule provides in pertinent part that "Interlocutory orders of the district court that: * * * (g) are enumerated in 58 O.S.1969 Supp. Sec. 721 * * * ", may be appealed in accordance with Part II(c) of said Rules.

 We hold that the order overruling the motion to vacate the prior order was one affecting a "substantial right" under 58 O.S.1971, Sec. 721(8), and thus was an appealable order under that section and Rule 1.60(g) of the Rules of Appellate Procedure in Civil Cases. We hold that included within the term "substantial" right was the right to due process of law guaranteed by the provisions of our Constitution.

No opinion as to the merits of the appeal itself is herein expressed.

The motion to dismiss is denied.

HODGES, C. J., DAVISON, IRWIN, BARNES and DOOLIN, JJ., and CORNISH and REYNOLDS, Special Justices, concur.