**Monica PIETTE, Petitioner,**

v.

**BRADLEY & LESEBERG, a professional partnership, L. Joe Bradley, D.D.S., Inc., Dennis A. Leseberg, D.D.S., Inc., L. Joe Bradley, D.D.S., and Dennis A. Leseberg, D.D.S., Respondents.**

No. 88282.

Supreme Court of Oklahoma.

Nov. 13, 1996.

## ORDER

■ This appeal from a trial judge's order disqualifying a law firm based on conflict of interest was correctly brought under the provisions of 12 O.S. 1991 § 953, *Hammonds v. Osteopathic Hospital Founders Association,* 917 P.2d 6 (Okl.1996).

■ The trial judge's disqualification order is summarily reversed and the cause remanded for an evidentiary hearing. If, after holding a hearing, the trial judge should determine that plaintiff's attorneys should be disqualified, its order of disqualification must include a specific factual finding that attorney Wagner had knowledge of material and confidential information. *Parker v. Volkswagenwerk,* 245 Kan. 580, 781 P.2d 1099 (1989), *Lansing–Delaware Water District v. Oak Lane Park, Inc.,* 248 Kan. 563, 808 P.2d 1369 (1991).

ALMA WILSON, C.J., KAUGER, V.C.J., and HODGES, HARGRAVE, OPALA, and SUMMERS, JJ., concur.

LAVENDER, J., dissents.

VOTE FOR PUBLICATION:

ALMA WILSON, C.J., KAUGER, V.C.J., and HODGES, OPALA, SUMMERS, JJ., concur;

LAVENDER and HARGRAVE, JJ., dissent.