1999 OK 10

**Fern Alice TOWNE, Petitioner,**

v.

**Carol Ann HUBBARD, Honorable Judge of the District Court of Oklahoma County, 7th Judicial District, Respondent.**

No. 92,412.

Supreme Court of Oklahoma.

Feb. 16, 1999.

Other Bars to Which Admitted, 5 O.S.1991, Ch. 1, App. 1–A.

**ORDER**

¶ 1 On consideration of the paperwork on file, the court *finds, concludes* and *orders* that:

(1) petitioner seeks corrective relief from a January 5, 1999 order, entered in Cause No. PG–98–570, on the docket of the District Court in Oklahoma County, by which petitioner's lawyer, Harley E. Venters, Esq., was removed as her counsel of record and replaced by another legal practitioner of the trial judge's selection and appointment.

¶ 2 (2) an order removing a party's counsel (upon disqualification or for other reasons) may be reviewed on appeal brought by the client. 12 O.S.1991 § 953; *Piette v. Bradley & Leseberg*, 1996 OK 124, 930 P.2d 183.

¶ 3 (3) appealability of a guardianship (or probate) order is governed generally by the provisions of 58 O.S.1991 § 721. *In re Mize's Guardianship*, 193 Okla. 164, 142 P.2d 116 (1943). That section *authorizes* an aggrieved party's appeal from an interlocutory order that affects "a substantial right." *State ex rel. Reirdon v. County Court of Marshall County*, 183 Okla. 274, 81 P.2d 488

(1938). When, as in this case, denial of due process is assigned as error, the order to be reviewed is deemed to affect the appellant's "substantial rights" within the meaning of § 721(10). *Lebus v. Carden*, 1978 OK 91, 583 P.2d 503, 504 (1978).

¶ 4 (4) the January 5, 1999 guardianship order, from which relief is sought herein by a prerogative writ that is to be granted in the exercise of this court's original jurisdiction, constitutes an appealable interlocutory guardianship decision. 58 O.S.1991 § 721(10). Petitioner has standing to bring the appeal. *Piette v. Bradley & Leseberg, supra* paragraph (2).

¶ 5 (5) a party's quest for a prerogative writ may be recast as an appeal when the original proceeding was brought here within the statutory time to invoke this court's reviewing cognizance. *Prock v. Dist. Court of Pittsburg County*, 1981 OK 41, 630 P.2d 772, 775.

¶ 6 (6) this original proceeding, which challenges an appealable interlocutory order in guardianship, is hereby recast as a timely appeal. Petitioner is designated as appellant and this cause shall be styled: **In the Matter of the Guardianship of Fern Alice Towne.** All the real parties in interest who are appearing herein are designated appellees.

¶ 7 (7) this appeal shall henceforth proceed in accordance with an accelerated schedule. Within twenty (20) days of this order's date, appellant shall file a petition in error and a record for an accelerated appeal. Both documents shall conform to Rule 1.36, Okla. Sup.Ct. Rules, 12 O.S. Supp.1998, Ch. 15, App.1. Appellees shall file their responses. If additional record be desired for inclusion, appellees shall make its designation within twenty (20) days of the date appellant files her petition in error. *See* Rule 1.36(e).

¶ 8 (8) the briefs now on file shall be considered as briefs on appeal. Because this cause stands recast *sans* advance notice, any party may file an additional brief, Okla. Sup. Ct. R. 1.36(g), no later than fifteen (15) days of the day appellees file their responses to the petition in error. No answer or reply briefs may be offered without *prior* leave of court.

¶ 9    (9) this cause is retained *sua sponte* for disposition.   Okla. Sup.Ct. R. 1.24(a).

SUMMERS, C.J., HARGRAVE, V.C.J., OPALA, ALMA WILSON, WATT, J.J., concurring.

HODGES and LAVENDER, J.J., not voting.

SIMMS, J., dissents.

KAUGER, J., absent.