2009 OK CIV APP 6

**HOLDEN, P.C., d/b/a Holden & Carr, Plaintiff/Appellee,**

v.

**Ali SEZGIN, Defendant/Appellant, Stephen J. Capron, and Capron & Edwards, P.C., Defendants.**

No. 105,047.

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 19, 2008.

Stephen J. Capron, Capron & Edwards, P.C., Tulsa, OK, for Appellant.

Michael L. Carr, Reagan L. Madison, Holden, Carr & Skeens, Tulsa, OK, for Appellee.

LARRY JOPLIN, Judge.

¶ 1 Defendant/Appellant Ali Sezgin (Client or Defendant) seeks review of the trial court's order disqualifying Client's attorney on motion of Plaintiff/Appellee Holden, P.C., d/b/a Holden & Carr (LawFirm). In this appeal, Client complains the trial court's order should be reversed because the trial court (1) failed to conduct the requisite evidentiary hearing establishing grounds for disqualification, (2) failed to set out specific findings of fact supporting the order of disqualification, and (3) granted disqualification without a factual basis and in spite of his express waiver of any conflict of interest.

¶ 2 Attorney Stephen J. Capron (Attorney) worked for LawFirm. During his employment, Attorney assisted in the representation of LawFirm's Client. Prior to resolution of Client's case, Attorney left the LawFirm, opened his own office, and assumed the responsibility for Client's representation.

¶ 3 Attorney later negotiated the settlement of Client's case. LawFirm asserted an attorney's lien for fees earned during its representation of Client, and commenced an action against Client, claiming his breach of the parties' fee agreement. The settlement proceeds were deposited with the Court Clerk.

¶ 4 After a hearing on August 10, 2006, the trial court ordered LawFirm's attorney's lien be withdrawn, and ordered Attorney to file a motion for permission to withdraw the settlement proceeds, thus affording LawFirm an opportunity to object. Also on August 10, Client, through Attorney, file an offer to confess judgment on LawFirm's breach of contract claim.

¶ 5 On August 15, 2006, Attorney filed a Motion for Order Commanding the Court Clerk to release the settlement proceeds. On August 17, and, apparently without notice to LawFirm, Attorney obtained such an order and withdrew the settlement proceeds from the Court Clerk. Also on August 17, LawFirm filed its acceptance of the offer to confess.

¶ 6 However, upon Client's failure to pay, LawFirm commenced the instant action against Client, Attorney and Attorney's LawFirm, claiming their conversion of its share of the settlement proceeds. LawFirm filed a Motion to Disqualify Attorney, arguing that Attorney's representation of Client, himself and his LawFirm in the present action constituted a patent conflict of interest under Rules 1.7 and 3.7, Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2001, Ch. 1, App. 3–A.

¶ 7 Client responded. Client first asserted that LawFirm filed the motion to disqualify only to harass and "drive a wedge" between Client and Attorney. Client also argued that his disqualification was not required by the ORPC.

¶ 8 On July 13, 2007, the parties appeared for hearing. On consideration of the parties' arguments, the trial court granted Law-Firm's motion to disqualify, and ordered Client "to retain separate counsel for his defense in this matter." Client now seeks review in this Court.

¶ 9 "The right to the assistance of legal counsel includes the right to be represented by a legal practitioner of one's own choosing," and "[a] litigant's choice of counsel may be set aside under limited circumstances, where honoring the litigant's choice would threaten the integrity of the judicial process." *Towne v. Hubbard*, 2000 OK 30, ¶¶ 14, 15, 3 P.3d 154, 160, 161. "Disqualification is such a drastic measure that it should be invoked if, and only if, the Court is satisfied that real harm is likely to result from failing to invoke it." *Hayes v. Central States Orthopedic Specialists, Inc.*, 2002 OK 30, ¶ 10, 51 P.3d 562, 565. "[T]he barrier a party must surmount to secure the disqualification of his opponent's counsel is high," if, for no other reason, "to insure that such motions are not used for strategic purposes." *Hayes*, 2002 OK 30, ¶¶ 9, 10, 51 P.3d at 565.

¶ 10 Upon presentation of a motion to disqualify for an alleged conflict of interest, the trial court must hold an evidentiary hearing, and, if the trial court grants the motion to disqualify, the order of disqualification must include specific findings of fact supporting the decision. *Piette v. Bradley & Leseberg*, 1996 OK 124, ¶ 2, 930 P.2d 183, 184.[1] On appeal in such cases, "the function of an appellate court is to determine whether the [trial court's] findings are supported by substantial competent evidence and whether the findings are sufficient to support the trial court's conclusions of law." *Prospective Investment and Trading Co., Ltd. v. GBK Corp.*, 2002 OK CIV APP 113, ¶ 13, 60 P.3d 520, 524.

¶ 11 In the present case, the trial court conducted a hearing on the LawFirm's motion to disqualify, but conducted no evidentiary hearing. Further, in its order granting the motion to disqualify, the trial court did not enter specific findings of fact supporting its decision to disqualify Attorney from Client's representation. In the absence of the requisite evidentiary hearing and findings of fact, we are unable to determine whether the decision to disqualify is "supported by substantial competent evidence and whether the findings are sufficient to support the trial court's conclusions of law." *Prospective Investment and Trading Co., Ltd.*, 2002 OK CIV APP 113, ¶ 13, 60 P.3d at 524.

¶ 12 The order of the trial court is consequently REVERSED.

HANSEN, J., and ADAMS, P.J., concur.

---

1. This case also holds that such an order may be appealed immediately.