2013 OK 20

**MIAMI BUSINESS SERVICES, LLC, an Oklahoma Limited Liability Company, Petitioner,**

v.

**The Honorable Lisa DAVIS, Respondent,**

and

**Asset Group, INC., a California Corporation; J2ES, Inc., an Oklahoma Corporation; Jennifer Fogg, individually, and Jeanna Sellmeyer, Real Parties In Interest.**

No. 111,141.

Supreme Court of Oklahoma.

April 2, 2013.

Conly J. Schulte, Martha L. King, Eduardo A. Provencio, Louisville, Colorado, for Petitioner/Appellant.

Samuel R. Fulkerson, Oklahoma City, Oklahoma, for Petitioner/Appellant.

Thomas G. Wolfe, Catherine L. Campbell, Oklahoma City, Oklahoma, for Respondents/Appellees.

Michael D. Germain, Irvine, California, for Respondents/Appellees.

KAUGER, J:

¶1 Petitioner, Miami Business Services LLC (Miami), and Real Parties in Interest were involved in a joint venture. The law firm of Phillips Murrah, P.C. (Phillips) served as general counsel for Miami as well as Real Parties in Interest and their joint venture. Over the course of that joint venture, Fogg, one of the defendants, acted as the Chief Operating Officer (COO) of Miami and acted as the principal in the real party in interest business entities. While COO of Miami, Fogg sought counsel from Phillips regarding issues affecting Miami's operations and for work undertaken by Real Parties in Interest and the joint venture.

¶2 Miami terminated Fogg from her role as its COO in October, 2010. Subsequent to Fogg's termination, Miami brought suit against Real Parties in Interest, including Fogg, for breach of fiduciary duty, fraud, breach of contract, and civil conspiracy. Phillips entered its appearance in the suit on behalf of the Real Parties in Interest. Miami then filed a motion to disqualify Phillips, claiming that Phillips had a conflict of interest which violated Rules 1.7[1] and 1.9[2] of the

**1.** Title 5 O.S.2011 Ch. 1, App. 3–A, Rule 1.7 provides:

Rule 1.7. Conflict of interest: Current Clients
(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
  (1) the representation of one client will be directly adverse to another client; or
  (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
  (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
  (2) the representation is not prohibited by law;
  (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
  (4) each affected client gives informed consent, confirmed in writing.

**2.** Title 5 O.S.2011 Ch. 1, App. 3–A, Rule 1.9

Oklahoma Rules of Professional Conduct, stemming from Phillips' involvement with both Miami and Real Party in Interest AGI.

## FACTS AND PROCEDURAL HISTORY

¶ 3 The trial court held a hearing on Miami's Motion for Disqualification of Phillips on August 17, 2012. Prior to the hearing, the parties filed several briefs on the disqualification issue. The affidavits, documents, and other factual materials attached to the parties' motions were discussed during the hearing. The trial court decided to take the matter under advisement and requested an *in camera* inspection of Phillips' billing records for the time that Fogg served as COO of Miami.

¶ 4 After reviewing the submitted documents, the judge overruled Miami's motion to disqualify Phillips in an order filed on September 11, 2012. The order did not contain any findings of fact or conclusions of law, but it did list the briefs and documents reviewed by the trial court prior to making its decision.[3]

¶ 5 Miami appealed the trial court's denial of its motion on October 10, 2012. The Real Parties in Interest filed a motion to dismiss the appeal, contending that an order denying a motion to disqualify counsel was a non-appealable interlocutory order. On October 15, 2012, this Court issued an Order directing Miami to show cause why the appeal should not be dismissed for lack of an appealable order, because an order denying a motion to disqualify an attorney appeared to be a non-appealable interlocutory order.

¶ 6 In response to this Court's show cause order, Miami argued that: 1) the order affected a substantial part of the merits of the case and thus qualified as a final order under 12 O.S.2011 § 953;[4] 2) that statutes granting a right to appeal must be liberally construed, and they should be construed for uniform application; and 3) the denial of the disqualification motion affected Miami's substantial right as much as an order granting disqualification would affect the party who loses its attorney. Miami contends that if an order disqualifying an attorney is appealable, then an order which refuses to disqualify an attorney should also be appealable.

¶ 7 On December 10, 2012, this Court issued an order denying Appellees' motion to dismiss the appeal, and recast the cause as an application to assume original jurisdiction and petition for writ of mandamus. This

provides:

Rule 1.9. Conflict of interest: Duties to former clients

(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

(b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client

(1) whose interests are materially adverse to that person; and

(2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter; unless the former client gives informed consent, confirmed in writing.

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

(1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require

with respect to a client, or when the information has been generally known; or

(2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

3. The trial court's order stated in pertinent part:

Having reviewed the pleadings, briefs, and exhibits submitted with Plaintiff's Motion, Appellee's Response, Appellee's Supplemental Response, and Plaintiff's Reply, Plaintiff's and Appellee's Supplemental Briefs filed on August 22, 2012, and having reviewed certain documents, including billing records, submitted by Appellees for *in camera* review, [the court] finds that the Motion should be overruled.

Trial court's September 11, 2012 Order Overruling Motions.

4. Title 12 O.S.2011 § 953 provides:

An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding or upon a summary application in an action after judgment, is a final order, which may be vacated, modified or reversed, as provided in this article.

court ordered Miami to file an application, brief, and appendix in accordance with Rule 1.191[5] of the Oklahoma Supreme Court

5. Title 12 O.S.2011 App. 1, Part VI, Rule 1.191 provides:

(a) Style, Commencement, and Costs.

Original proceedings in the Supreme Court shall be styled as shown in Rule 1.301, Form No. 13.

Original jurisdiction proceedings shall be commenced by filing with the clerk thereof an application to

assume original jurisdiction and a petition (such as a petition for mandamus, prohibition or habeas corpus) and a brief in support of the application and petition. An entry of appearance shall be filed with the application and petition.

The cost deposit provided by statute shall be remitted to the Clerk of the Supreme Court, or if the petitioner is an indigent, an affidavit in forma pauperis shall be filed concurrently with the application to assume original jurisdiction and petition. 20 O.S.Supp.1995 § 15. See Rule 1.301, Form No. 4.

(b) Application and Petition.

The application and petition may be combined in the same instrument and shall state concisely:

(1) the reasons why such action or proceeding is brought in the Supreme Court instead of another court of competent jurisdiction and why original jurisdiction should be assumed,

(2) the nature of the remedy or relief sought, and

(3) the facts entitling the petitioner to the remedy or relief sought.

(c) Copies and Brief.

One original and fourteen (14) legible copies of the application, petition and brief shall be filed. The brief may not exceed fifteen (15) pages, 8 1/2″ × 11″ double spaced typed. The brief shall comply with Rule 1.11. No appendix or exhibits may be attached to the brief. If a response is filed by the respondent the petitioner shall not file a reply brief without leave of Court. Failure to observe this rule may result in summary dismissal of the action.

(d) Appendix.

(1) A separate appendix may be submitted with the brief. Only one appendix, and one copy, shall be filed. The appendix may contain only:

(a) copies of cases cited and relied upon;

(b) the trial court order which has precipitated the bringing of the action;

(c) affidavit(s) presenting facts not of record in the Supreme Court; and

(d) copies of exhibits admitted below or pertinent portions of the trial court record which a party believes are necessary to the Court's understanding and disposition of the matter.

(2) Only those relevant portions of exhibits that are material to the original action may be included in the appendix. For a lengthy instrument copies of only the cover page and those relevant pages of the instrument should be included in the appendix. For example, a deposition exhibit should include only the cover page and those relevant pages of the deposition, and not the entire deposition. The same rule applies to contracts and other instruments.

(3) The appendix shall include an index of its contents. For each exhibit or item of the trial court record contained therein, the index shall contain the following information:

(a) a description of the item;

(b) the item's date, if dated;

(c) a concise statement of the relevancy of the item to the issues presented; and

(d) a synopsis of the item.

(4) Failure to observe this rule may result in summary dismissal of the action.

(e) Notice to Adverse Parties and Time to File Notice.

No application or petition, except for habeas corpus, will be heard without notice to the adverse party or parties unless by reason of an emergency this Court determines the same should be heard without notice. Such notice shall state the date and time on which the application, petition and brief in support will be presented to the Court. A copy of the filed application, petition, brief in support, and any appendix shall be attached to the notice. Such notice shall designate the day and hour the matter will be presented to the Court. The matter will be heard at that time or as soon thereafter as may meet the convenience of the Court. Such notice shall comply with Rule 1.301, Form No. 14.

Hearing and response dates are to be secured from a Referee (or a Justice) at the time of filing. The Court (by a Referee or Justice) may require different or additional service of notice.

The original notice, including a certificate of service on the adverse party or parties, shall be filed with the clerk at the time the application, petition and brief in support are filed.

(f) Response.

The Court may refuse to assume original jurisdiction without a response being filed. The date of any response shall be set by a Referee or a Justice of the Court. The allowed response may not exceed fifteen (15) pages, 8 1/2″ × 11″ double spaced typed. A response in the nature of a brief shall comply with Rules 1.10, 1.11 as to form and content, but shall not exceed the page limitation of fifteen pages. No appendix or exhibits may be attached to the response.

If a response is ordered one original and fourteen (14) legible copies shall be filed. If a response is ordered the respondent may file an appendix conforming to Rule 1.191(d). An entry of appearance shall be filed with the response. Service of the response shall be made in accordance with Rule 1.4(g), unless a

Rules and ordered the case to proceed in accordance with that rule.

¶ 8 In its Application to Assume Original Jurisdiction and Petition for Writ of Mandamus, Miami argues that this Court possesses original jurisdiction over this matter based on its power over the practice of law in the state and over promulgating the Rules which set forth the standards for the practice of law in Oklahoma. Miami argues that a comment in the current version of Rule 1.9 [6] of the Oklahoma Rules of Professional Conduct is at odds with current Oklahoma case law regarding the necessity of an evidentiary hearing on a Motion for Disqualification of counsel. Miami contends that without findings or a detailed basis for the trial court's order denying disqualification of counsel, Miami is deprived of any substantive basis for appeal, and is left with no meaningful way to challenge the veracity of the process the district court employed, and no way to challenge the factual and legal findings that serve as the basis for the Court's ruling.

¶ 9 Arguing that no other remedy or relief is available, Miami asks this Court to issue a Writ of Mandamus to overturn the district court's September 11, 2012, Order Overruling

---

Referee or Justice of the Court require a different procedure. Failure to observe this rule may result in striking the response.

(g) Oral Argument.

Oral argument before the Supreme Court, an assigned Justice or a Referee, is not a matter of right. The Court may refuse to assume original jurisdiction without hearing oral presentation.

(h) Amicus Curiae.

Amicus curiae may not appear in an original jurisdiction proceeding unless an order of the Court grants leave for the appearance. Amicus curiae practice and procedure in an original jurisdiction proceeding will be governed by Court orders in that proceeding. Rule 1.12 shall apply.

(i) Commencement At Least Ten Days Before Hearing or Trial.

This Court will not assume original jurisdiction in any matter except habeas corpus nor shall this Court stay any proceedings unless the same is filed with the clerk of this Court at least ten (10) days prior to the date said cause is set for hearing or trial. Provided however, the above limitation may be excused by this Court if petitioner alleges and shows that asserted grounds for relief were not known, or could not reasonably have been discovered, prior to the ten-day period.

(j) Sanctions.

Sanctions for the filing of a frivolous application to invoke this Court's extraordinary powers to issue original jurisdiction writs may be invoked against the party filing such proceeding in favor of the party required to defend against it (including a real party in interest). Sanctions may include an award of costs and attorney's fees.

A frivolous proceeding may include one brought for the sole purpose of delay or to disrupt the proceeding in the court below or a proceeding so obviously without any merit as to impute bad faith on the party bringing the action. Where the filing of such proceeding is in good faith, sanctions will not be imposed. See 12 O.S.Supp.1995 § 995.

6. Title 5 O.S.2011 Ch. 1, App. 3–A, Rule 1.9, Cmt. 3 provides:

[3] Matters are "substantially related" for purposes of this Rule if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter. For example, a lawyer who has represented a businessperson and learned extensive private financial information about that person may not then represent that person's spouse in seeking a divorce. Similarly, a lawyer who has previously represented a client in securing environmental permits to build a shopping center would be precluded from representing neighbors seeking to oppose rezoning of the property on the basis of environmental considerations; however, the lawyer would not be precluded, on the grounds of substantial relationship, from defending a tenant of the completed shopping center in resisting eviction for nonpayment of rent. Information that has been disclosed to the public or to other parties adverse to the former client ordinarily will not be disqualifying. Information acquired in a prior representation may have been rendered obsolete by the passage of time, a circumstance that may be relevant in determining whether two representations are substantially related. In the case of an organizational client, general knowledge of the client's policies and practices ordinarily will not preclude a subsequent representation; on the other hand, knowledge of specific facts gained in a prior representation that are relevant to the matter in question ordinarily will preclude such a representation. A former client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that the lawyer has confidential information to use in the subsequent matter. A conclusion about the possession of such information may be based on the nature of the services the lawyer provided the former client and information that would in ordinary practice be learned by a lawyer providing such services.

Motions denying Miami's Motion for Disqualification and to direct the district court on the proper application of the current version of the Oklahoma Rules of Professional Conduct regarding the necessity of an evidentiary hearing on a motion to disqualify.

## I.

## THE DENIAL OF A MOTION TO DISQUALIFY OPPOSING COUNSEL IS IMMEDIATELY REVIEWABLE BECAUSE IT IS A FINAL ORDER PURSUANT TO 12 O.S.2011 § 953.

■ ¶ 10 This Court has previously ruled that an order granting a motion to disqualify counsel is a final order subject to appellate review under the terms of 12 O.S.2011 § 953.[7] Historically under Oklahoma law, before the trial court can determine that an attorney should be disqualified based on conflict of interest or improper possession of confidential information, it must hold an evidentiary hearing and make a specific factual finding in its order of disqualification that the attorney had knowledge of material and confidential information.[8] When reviewing the order, we review the trial court's findings of fact for clear error and carefully examine *de novo* the trial court's application of ethical standards.[9]

■ ¶ 11 This court has long recognized the importance of a litigant's ability to hire and select her or his own counsel for legal services, acknowledging in *Bancroft v. Board of Governors of Registered Dentists*, 1949 OK 216, ¶ 7, 202 Okla. 108, 210 P.2d 666, that

even in a non-criminal matter respondent was still entitled to have counsel of his own choosing.[10] In *Arkansas Valley State Bank v. Phillips*, 2007 OK 78, ¶ 12, 171 P.3d 899, we stated regarding this right:

> ... [A] party litigant in a civil proceeding still has a fundamental right to *employ* and be heard by counsel of his or her own choosing. The right to select counsel without state interference is implied from the nature of the attorney-client relationship in our adversarial system of justice, where an attorney acts as the personal agent of the client and not the state. It is also grounded in the due process right of an individual to make decisions affecting litigation placing his or her property at risk. An individual's decision to employ a particular attorney can have profound effects on the ultimate outcome of litigation. Legal practitioners are not interchangeable commodities. Personal qualities and professional abilities differ from one attorney to another, making the choice of a legal practitioner critical both in terms of the quality of the attorney-client relationship and the type and skillfulness of the professional services to be rendered. (Citations omitted).

However, this court has additionally emphasized that the right to select one's own counsel is not absolute.[11] As we explained in *Arkansas*, supra:

> A litigant's choice of counsel may be set aside under limited circumstances, where honoring the litigant's choice would threaten the integrity of the judicial process.

7. Title 12 O.S.2011 § 953; *Arkansas Valley State Bank v. Phillips*, 2007 OK 78, ¶ 8, 171 P.3d 899; *Towne v. Hubbard*, 1999 OK 10, ¶ 2, 977 P.2d 1084; *Piette v. Bradley & Leseberg*, 1996 OK 124, ¶ 1, 930 P.2d 183.
   Title 12 O.S.2011 § 953 provides:
   An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding or upon a summary application in an action after judgment, is a final order, which may be vacated, modified or reversed, as provided in this article.

8. *Arkansas Valley State Bank v. Phillips*, see note 7, supra; *Piette v. Bradley & Leseberg*, see note 7, supra at ¶ 2.

9. *Arkansas Valley State Bank v. Phillips*, see note 7, supra; *Gladstone v. Bartlesville Ind. Sch. Dist. No. 30*, 2003 OK 30, ¶ 5, 66 P.3d 442 (contested issues of law are reviewed *de novo*).

10. *Towne v. Hubbard*, see note 7, supra at ¶ 14; *State ex rel. Howard v. Oklahoma Corp. Comm'n*, 1980 OK 96, ¶ 23, fn. 6, 614 P.2d 45; *Kiddie v. Kiddie*, 1977 OK 69, ¶ 11, 563 P.2d 139; *Bancroft v. Board of Governors of Registered Dentists*, 1949 OK 216, ¶ 7, 202 Okla. 108, 210 P.2d 666.

11. *Arkansas Valley State Bank v. Phillips*, see note 7, supra at ¶ 13; *Hayes v. Central States Orthopedic Specialists, Inc.*, 2002 OK 30, ¶ 9, 51 P.3d 562; *Towne v. Hubbard*, see note 7, supra at ¶ 14.

This most often arises where an attorney's compliance with ethical standards of professional responsibility are challenged. It is this Court's nondelegable, constitutional responsibility to regulate both the practice and the ethics, licensure, and discipline of the practitioners of the law, and in doing so, to preserve public confidence in the bar and the judicial process. However, motions to disqualify counsel for failure to comply with the Rules of Professional Conduct are not to be used as procedural weapons. Disqualification is such a drastic measure that it should be invoked if, and only if, the Court is satisfied that real harm is likely to result. (Citations omitted).

¶ 12 While disqualification of counsel is a drastic measure, it is used when necessary to preserve the integrity of the judicial process. The standard for disqualifying counsel is whether real harm to the integrity of the judicial process is likely to result if counsel is not disqualified.[12] This is a high standard to meet [13] and the burden rests with the moving party to establish the likelihood of such harm by a preponderance of the evidence.[14] If disqualification is to be based on an alleged conflict of interest or improper possession of confidential information, then we have required the trial court to hold an evidentiary hearing and make specific findings that the attorney whose disqualification is sought had knowledge of material and confidential information.[15]

¶ 13 If preservation of the integrity of the judicial process is sufficient reason for the appellate court to review a motion granting disqualification, it should also serve as sufficient reason to review a motion denying disqualification. The importance of a person's right to the counsel of their choice should not be underestimated, but neither should the right of an opposing party to question the appropriateness of that counsel if such questioning is warranted. This is especially true in circumstances where in the absence of an option to appeal, a case will go to trial, a judgment will be rendered, and then an appellate court after the fact might determine that the trial court committed an error by denying a motion to disqualify, requiring the entire proceeding to begin anew and resulting in an unjustified waste of judicial resources and taxpayer dollars.

¶ 14 The United States Supreme Court addressed the rationale behind the appealability of disqualification orders subject to review under federal rules.[16] Ordinarily, an order denying disqualification may not be appealable because sometimes, the propriety of a district court's denial of a disqualification is difficult to assess until its impact on the underlying litigation may be evaluated, which is normally after final judgment.[17] Nevertheless, the Supreme Court recognizes that when a party is harmed irreparably by the denial of disqualification, that party may seek to have the question certified for interlocutory appellate review and, in the exceptional circumstances for which it was denied, a writ of mandamus from the appellate court might be available.[18]

¶ 15 Under this rationale, a party seeking disqualification should at least have the opportunity to show that, at this stage in the litigation, they may be harmed irreparably by the denial of disqualification. If the denial of disqualification is reviewed by the appellate court and affirmed, then the moving party has the opportunity to show, after the

12. *Arkansas Valley State Bank v. Phillips*, see note 7, supra at ¶ 25; *Hayes v. Central States Orthopedic Specialists, Inc.*, see note 11, supra at ¶ 9; *Towne v. Hubbard*, see note 7, supra at ¶ 15.

13. *Hayes v. Central States Orthopedic Specialists, Inc.*, see note 11, supra at ¶ 9.

14. *Arkansas Valley State Bank v. Phillips*, see note 7, supra at ¶ 23.

15. *Arkansas Valley State Bank v. Phillips*, see note 7, supra at ¶ 25; *Piette v. Bradley & Leseberg*, see note 7, supra at ¶ 2.

16. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 378, 101 S.Ct. 669, 675–76, 66 L.Ed.2d 571 (1981).

17. *Firestone Tire & Rubber Co. v. Risjord*, see note 16, supra.

18. *Firestone Tire & Rubber Co. v. Risjord*, see note 16, supra at fn. 13.

final judgment is rendered, that the attorney whose disqualification was sought did in fact impact the cause.

¶ 16 It makes no sense to waste the time and money of the judiciary and the litigants on protracted litigation when the irreparable harm caused by not disqualifying counsel for a party is clearly demonstrated at the outset. This Court has a long history of rejecting the unnecessary waste of judicial resources.[19] Allowing a party to immediately appeal the denial of a motion to disqualify opposing counsel helps to reduce the problematic waste of judicial resources by determining at the outset of litigation whether disqualification is proper, alleviating the need to wait until a trial has already concluded before the issue is raised on appeal, resulting in an entirely new trial if on appeal the trial court's denial of disqualification is found to be improper.

¶ 17 Even though denial of a motion to disqualify does not put either party into a position where they must immediately select new counsel, throwing a wrench into litigation, it still substantially affects the rights of the moving party. The moving party has the same right to fair judicial process as does the party whose choice of counsel is questioned, and if that choice is for whatever reason improper, the moving party has the right to have the situation corrected and their rights are substantially affected if the trial court fails to do so. As such, we hold that the denial of a motion to disqualify opposing counsel is an immediately appealable final order pursuant to 12 O.S.2011 § 953, in the same manner and for the same reasons as an order granting a motion to disqualify opposing counsel.[20]

¶ 18 Having decided that that the denial of a motion to disqualify opposing counsel is an immediately appealable final order pursuant to 12 O.S.2011 § 953, in the same manner and for the same reasons as an order granting a motion to disqualify opposing counsel, we must stress that motions to disqualify counsel for failure to comply with the Rules of Professional Conduct are not to be used as procedural weapons.[21] In order to ensure fairness and prevent misuse of motions to disqualify for tactical purposes, it may be necessary for the trial court to stay proceedings pending appeal of an order granting or denying a motion to disqualify opposing counsel, and the trial court should strongly consider exercising its discretion to do so. In the present matter, the trial court entered an order at the joint request of the parties staying discovery pending the review and final resolution of this issue, sustaining the status quo of the litigation.

## II.

## ADOPTION OF THE OKLAHOMA RULE OF PROFESSIONAL CONDUCT 1.9, COMMENT 3 DID NOT REMOVE THE REQUIREMENT OF AN EVIDENTIARY HEARING TO DETERMINE IF AN ATTORNEY SHOULD BE DISQUALIFIED FOR A CONFLICT OF INTEREST.

¶ 19 In *Arkansas Valley State Bank v. Phillips*, 2007 OK 78, 171 P.3d 899, we held that the standard for granting a motion to disqualify counsel is whether real harm to

**19.** See, e.g., *Boston Ave. Management, Inc. v. Associated Resources, Inc.*, 2007 OK 5, 152 P.3d 880 (The general policy reasons supporting the recovery of attorney fees and costs are the encouragement of settlement and the discouragement of the bringing of frivolous claims; these considerations recognize the limited availability of judicial resources and seek to penalize those who unnecessarily waste them); *State ex rel. Oklahoma Bar Ass'n v. Wagener*, 2005 OK 3, 107 P.3d 567 (it is necessary to consolidate time-related offenses to avoid the waste of judicial resources); *Keating v. Johnson*, 1996 OK 61, 918 P.2d 51 (This Court will exercise original jurisdiction in order to avoid the waste of judicial resources); *City of Oklahoma City v. Oklahoma Tax Com'n*, 1990 OK 27, 789 P.2d 1287 (The continued prosecution of a mooted controversy clogs an overburdened judicial system, needlessly delays the end of litigation and wastes scarce judicial resources).

**20.** Title 12 O.S.2011 § 953, see note 4, supra; *Arkansas Valley State Bank v. Phillips*, see note 7, supra at ¶ 8; *Piette v. Bradley*, see note 7, supra at ¶ 1.

**21.** *Arkansas Valley State Bank v. Phillips*, see note 7, supra at ¶ 13; *Hayes v. Central States Orthopedic Specialists, Inc.*, see note 11, supra at ¶ 10.

the integrity of the judicial process is likely to result if counsel is not disqualified.[22] Before the trial court can determine that an attorney should be disqualified based on conflict of interest or improper possession of confidential information, it must hold an evidentiary hearing and make a specific factual finding in its order of disqualification that the attorney had knowledge of material and confidential information.[23] This evidentiary hearing is required before any decision on whether to disqualify the attorney can be made.[24]

¶20 In issuing its September 11, 2012, ruling denying Miami's Motion to Disqualify Counsel, it appears the trial court did not conduct the evidentiary hearing required by *Piette v. Bradley & Leseberg*, 1996 OK 124, ¶2, 930 P.2d 183 and *Arkansas Valley State Bank v. Phillips*, supra. Instead, the trial court opted for an *in camera* review of Phillips' billing documents, prior to issuing a conclusory ruling that included no written findings of fact.

¶21 The reason for the trial court's failure to hold an evidentiary hearing prior to ruling on Miami's motion appears to be confusion over whether changes made to Rule 1.9 of the Oklahoma Rules of Professional Conduct conflict with the evidentiary hearing procedure required by *Piette v. Bradley & Leseberg*, supra, and *Arkansas Valley State Bank v. Phillips*, supra. The Court approved certain modifications to the ORPC on April 17, 2007,[25] prior to deciding *Arkansas State Bank v. Phillips*, including a third comment to Rule 1.9 which provides in pertinent part:

> A former client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that the lawyer has confidential infor-

mation to use in the subsequent matter. A conclusion about the possession of such information may be based on the nature of the services the lawyer provided the former client and information that would in ordinary practice be learned by a lawyer providing such services.[26]

Miami argues that this comment might negate the need for an evidentiary hearing and specific findings of fact indicating a conflict of interest exists before an attorney may be disqualified for a conflict of interest.

¶22 Miami cites two federal cases from the Northern District of Oklahoma in support of its proposition that Rule 1.9, Comment 3 alters the requirement of an evidentiary hearing: *Leslie v. Fielden*, 10-CV-320-TCK-TLW, 2011 WL 1655969 (N.D.Okla. May 2, 2011) and *Accounting Principals, Inc. v. Manpower, Inc.*, 599 F.Supp 2d 1287 (N.D.Okla.2008). In *Accounting Principals, Inc. v. Manpower, Inc.*, supra, the court discussed the impact ORPC 1.9, comment 3 might have on *Arkansas Valley State Bank v. Phillips*, supra, noting:

> ... any interpretation of *Phillips* that would require a moving party to present evidence of the precise confidential information that was obtained during the prior representation is inconsistent with the new Comment to ORPC 1.9(a), which took effect approximately two months following the *Phillips* decision.[27]

Still, the court explained how the requirements of *Arkansas Valley State Bank v. Phillips*, supra, could be met without the moving party being required to reveal precise confidential information:

> ... a court could potentially make a finding, based purely on the substantial relat-

---

**22.** *Arkansas Valley State Bank v. Phillips*, see note 7, supra at ¶25.

**23.** *Arkansas Valley State Bank v. Phillips*, see note 7, supra at ¶8; *Piette v. Bradley*, see note 7, supra at ¶2.

**24.** In *Piette v. Bradley*, see note 7, supra at ¶2, we held:

> If, after holding a hearing, the trial judge should determine that plaintiff's attorneys should be disqualified, its order of disqualification must include a specific factual finding that

[the] attorney ... had knowledge of material and confidential information.

**25.** *In Re: Application of the OBA to Amend the Rules of Professional Conduct*, 2007 OK 22, 171 P.3d 780. The modified rules became effective on January 1, 2008.

**26.** Title 5 O.S.2011 Ch. 1, App. 3–A, Rule 1.9, Cmt. 3, see note 6, supra.

**27.** *Accounting Principals, Inc. v. Manpower, Inc.*, 599 F.Supp 2d 1287, 1294 (N.D.Okla.2008).

edness of the two matters, that an attorney had knowledge of material and confidential information without knowing precisely what that information is. A court could certainly make a finding, based purely on the relatedness of the two matters, that "real harm" to the integrity of the judicial system is likely to result if the attorney is not disqualified.[28]

*Leslie v. Fielden,* supra, confirmed that, as far as the Northern District is concerned, the adoption of ORPC Rule 1.9, Comment 3 means that a moving party need not come forward with evidence of actual confidential information possessed by counsel in order to seek disqualification.[29] We do not agree.

¶ 23 We are not bound by the Comments to the Oklahoma Rules of Professional Conduct, though they may be persuasive.[30] The Comments do not add obligations to the ORPC, but rather provide guidance.[31] The Comments to the ORPC are analogous to those of the U.C.C., which are also non-binding but have served as interpretive tools.[32] It is the text which controls. As noted in the ORPC section on scope:

> The Comment accompanying each Rule explains and illustrates the meaning and purpose of the Rules. The Preamble and this note on Scope provide general orientation.

The Comments are intended as guides to interpretation, but the text of each Rule is authoritative.[33]

The two federal cases cited by Miami are not dispositive. This Court is not bound by the decisions of federal courts when our holding is based on Oklahoma law which provides bona fide, separate, adequate and independent grounds for our decision.[34] In Oklahoma, the nondelegable, constitutional responsibility to regulate the practice and ethics, licensure, and discipline of legal practitioners is solely vested in this Court.[35] We hold that the requirement for an evidentiary hearing for motions to disqualify opposing counsel for conflict of interest or improper possession of confidential information was not altered by the adoption of ORPC Rule 1.9, Comment 3, adopted after this Court's decision in *Arkansas Valley State Bank v. Phillips,* supra.

■■■■■ ¶ 24 For one to enjoy the opportunity of meaningful appellate review, it is essential that the facts relied upon by the trial court appear in a record that is available in one's quest for corrective relief.[36] Because we hold today that denial of a motion to disqualify opposing counsel is an immediately appealable order pursuant to 12 O.S. 2011 § 953,[37] a trial court considering such a

---

**28.** *Accounting Principals, Inc. v. Manpower, Inc.,* see note 27, supra at 1295.

**29.** *Leslie v. Fielden,* 10–CV–320–TCK–TLW, 2011 WL 1655969, *4 (N.D.Okla. May 2, 2011).

**30.** *Arkansas Valley State Bank v. Phillips,* see note 7, supra at ¶ 19; *McQueen, Rains & Tresch, LLP v. Citgo Petroleum Corp.,* 2008 OK 66, ¶ 21 fn. 15, 195 P.3d 35.

**31.** *McQueen, Rains & Tresch, LLP v. Citgo Petroleum Corp.,* supra note 31.

**32.** *Wilkerson Motor Co., Inc. v. Johnson,* 1978 OK 12, ¶ 7, 580 P.2d 505. See *Farmers and Merchants Nat. Bank, Fairview v. Sooner Co-op., Inc.,* 1988 OK 135, ¶ 19, 766 P.2d 325.

**33.** *The Oklahoma Rules of Professional Conduct,* 5 O.S.2011 Ch. 1, App. 3–A, Scope; See also *Arkansas Valley State Bank v. Phillips,* see note 7, supra at fn. 51.

**34.** *Oklahoma Public Employees Ass'n v. State ex rel. Oklahoma Office of Personnel Management,* 2011 OK 68, ¶ 39 fn. 61, 267 P.3d 838; *Michigan*

*v. Long,* 463 U.S. 1032, 1040–41, 103 S.Ct. 3469, 3476, 77 L.Ed.2d 1201 (1983).

Similarly, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, federal courts decide them by applying standards developed under federal law. *United States v. Stiger,* 413 F.3d 1185, 1195 (10th Cir.2005); *Accounting Principals, Inc. v. Manpower, Inc.,* see note 26, supra at 1291. Although federal courts must consult state rules of professional conduct, they are not bound by state-court interpretations of such rules. *Accounting Principals, Inc. v. Manpower, Inc.,* see note 26, supra at 1291.

**35.** *State ex rel. Oklahoma Bar Ass'n v. Albert,* 2007 OK 31, ¶ 11, 163 P.3d 527; *State ex rel. Oklahoma Bar Ass'n v. Holden,* 1995 OK 25, ¶ 1, 895 P.2d 707; *State ex rel. Oklahoma Bar Ass'n v. Farrant,* 1994 OK 13, ¶ 8, 867 P.2d 1279; *Tweedy v. Oklahoma Bar Ass'n,* 1981 OK 12, ¶ 4, 624 P.2d 1049.

**36.** *Towne v. Hubbard,* see note 7, supra at ¶ 20 fn. 41.

**37.** Title 12 O.S.2011 § 953, see note 4, supra.

motion must follow the procedure set forth in *Piette v. Bradley & Leseberg,* supra and *Arkansas Valley State Bank v. Phillips,* supra. Before ruling whether an attorney should be disqualified based on conflict of interest or improper possession of confidential information, it must hold an evidentiary hearing.[38] The trial court must then make a specific factual finding in its order of disqualification or its order denying disqualification that the attorney either had, or did not have, knowledge of material and confidential information.[39] If the ruling is appealed, we will then, when reviewing the order, review the trial court's findings of fact for clear error and carefully examine *de novo* the trial court's application of ethical standards.[40]

## CONCLUSION

¶ 25 The denial of disqualification of counsel is an immediately appealable final order pursuant to 12 O.S.2011 § 953.[41] The trial court is still required to submit written findings or create a record setting forth its factual and legal support for its ruling when making its decision to deny a motion to disqualify counsel in the same manner it would if it were granting such a motion.[42] Otherwise, a petitioner appealing the denial of a motion to disqualify counsel is denied any substantive basis for their appeal and no meaningful way to challenge the factual and legal findings that serve as the basis for the trial court's ruling. The trial court's order denying disqualification of counsel is vacated, and this cause is remanded for proceedings consistent with this opinion.

38. *Arkansas Valley State Bank v. Phillips,* see note 7, supra at ¶ 8; *Piette v. Bradley,* see note 7, supra at ¶ 2.

39. *Arkansas Valley State Bank v. Phillips,* see note 7, supra at ¶ 8; *Piette v. Bradley,* see note 7, supra at ¶ 2.

40. *Arkansas Valley State Bank v. Phillips,* see note 7, supra at ¶ 8; *Gladstone v. Bartlesville Ind. Sch. Dist. No. 30,* 2003 OK 30, ¶ 5, 66 P.3d 442 [Contested issues of law are reviewed de novo.].

41. Title 12 O.S.2011 § 953 provides:

**ORIGINAL JURISDICTION IS ASSUMED; PETITION FOR WRIT OF MANDAMUS GRANTED.**

REIF, V.C.J., KAUGER, WATT, EDMONDSON, COMBS, GURICH, JJ., concur.

COLBERT, C.J., WINCHESTER, TAYLOR, JJ., dissent.

42. See *Arkansas State Bank v. Phillips,* note 7, supra at ¶ 8.