2015 OK CIV APP 7

Bernice T. MITTS, Plaintiff/Appellant,

v.

Mark STAMPS, et al., Defendants/Appellees.

No. 111,860.

Court of Civil Appeals of Oklahoma; Division No. 2.

Dec. 15, 2014.

Damon E. Sacra, Sacra Law PLLC, Tulsa, OK, for Defendants/Appellees.

P. THOMAS THORNBRUGH, Judge.

¶1 Bernice T. Mitts appeals the district court's order disqualifying her attorney, Jeff Stephens, and the court's refusal to vacate that order. We find that the mandatory hearing and findings required before counsel may be disqualified did not take place. We vacate the order of the district court and remand the matter for a hearing on whether Stephens should be disqualified.

## BACKGROUND

¶2 This case began in the small claims court as a forcible entry and detainer action filed by Stephens on Mitts' behalf against Defendant Mark Stamps. On September 27, 2012, Stamps appeared at the small claims hearing, apparently without counsel. The small claims court granted judgment to Mitts. On October 5, 2012, Stamps, now represented by counsel, filed a motion to vacate. Stamps argued that the matter had been improperly presented to the small claims court as a forcible entry and detainer action, while it in fact involved a contract for deed, placing the matter outside of the small claims court's jurisdiction. He also complained that Mitts' attorney, Stephens, had previously given Stamps legal advice and assisted Stamps in the purchase of the involved property. On October 17, the small claims court vacated its judgment and sent the case for re-assignment to a district judge.

¶3 On October 29, the case was re-assigned to a district judge. On January 22, 2013, Stamps filed an answer and counterclaim. He also filed a motion asking the court to disqualify Stephens. On February 1, 2013, a new attorney, Ronald Cates, made an entry of appearance on Mitts' behalf, seeking to extend the time to answer Stamps' counterclaim. This appearance did not mention extending any time to respond to the motion seeking to disqualify Stephens. No one filed a response to Stamp's motion to disqualify. On February 14, the court ruled that Stamps' motion to disqualify Stephens was "deemed confessed pursuant to District Court Rule 4(e)", and that "the Motion is granted."

¶4 On March 6, 2013, Stamps filed a motion asking the court to disqualify Cates, arguing that Cates was not acting as an independent counsel, but in association with Stephens, and thus Stephens' disqualification should be imputed to Cates. On March 14, 2013, Attorney Stephens (describing himself as Mitts' "former attorney") filed a motion seeking to vacate the court's February 14 dismissal order. The motion was phrased as though attorney Stephens was the moving party, and did not identify Stephens as representing Mitts.

¶5 On May 6, the court denied Stamps' motion to disqualify Cates because it did not contain the required affidavit, and denied Stephens' motion to vacate his disqualification. Mitts now appeals the disqualification of Stephens, and the court's refusal to vacate it.[1]

---

1. Although these questions are mooted by our decision, we note that 1) although an order disqualifying counsel is immediately appealable, the decision was never reduced to the form of a an appealable order in this case, and was presented to us as a minute order; 2) although Mitts appeals the refusal to vacate the disqualification, *Mitts* did not file any motion to vacate the disqualification in the district court. It was *Stevens* who filed the motion, styling it on his own be-

## STANDARD OF REVIEW

¶ 6 The standard of review for both denial of a motion for a new trial and denial of a motion to modify or to vacate a final order or judgment is the same: abuse of discretion. *Capshaw v. Gulf Ins. Co.*, 2005 OK 5, ¶ 7, 107 P.3d 595. However, the disqualification was not challenged on its merits, but on the basis that the court's order is void as a matter of law for failure to hold a mandatory hearing before disqualification. The abuse of discretion question is therefore settled by our *de novo* review of the dismissal's legal and procedural validity. *Smith v. City of Stillwater,* 2014 OK 42, ¶ 11, 328 P.3d 1192.

## ANALYSIS

¶ 7 The Oklahoma Supreme Court has conferred a special procedural status on motions to disqualify counsel. As the Court most recently re-affirmed in *Miami Bus. Servs., LLC v. Davis,* 2013 OK 20, 299 P.3d 477, a trial court considering such a motion must follow the procedure set forth in *Piette v. Bradley & Leseberg,* 1996 OK 124, ¶ 2, 930 P.2d 183, and *Arkansas Valley State Bank v. Phillips,* 2007 OK 78, 171 P.3d 899, before ruling whether an attorney should be disqualified based on conflict of interest or improper possession of confidential information. *Miami Bus.,* ¶ 24. The trial court must hold an evidentiary hearing, and then make a specific factual finding in its order that the attorney either had, or did not have, knowledge of material and confidential information. *Id.* Without such findings, we cannot review the correctness of the courts' disqualification decision, or any exercise of discretion in refusing to vacate the disqualification.

half, and stating that Stevens was not Mitts' counsel at that time; and 3) it remains undeter-

¶ 8 The district court relied on District Court Rule 4e (motion may be deemed confessed if not responded to) and Rule 4h (motions may be decided by the court without a hearing). We find no current case law holding that *Miami Bus.* and *Piette* place motions to disqualify counsel outside of the provisions of Rule 4e and Rule 4h. Nevertheless, those decisions are clear that the right to choose counsel is fundamental, and counsel cannot be disqualified without the required hearing and findings, even when a disqualification motion goes unanswered. We therefore remand this matter for a hearing consistent with the *Miami Bus.* decision.

## CONCLUSION

¶ 9 The Supreme Court has mandated an evidentiary hearing before a court may order a disqualification of counsel for a conflict of interest. District courts cannot rely on Rule 4h when considering a motion to disqualify or Rule 4e when such a motion goes unanswered. We therefore vacate the order disqualifying counsel, and return this matter to the district court for hearing on Stamps' motion to disqualify.

¶ 10 **VACATED AND REMANDED WITH INSTRUCTIONS.**

FISCHER, P.J., and RAPP, J., concur.

mined if Stevens had any *individual standing* to appeal the disqualification order.