OSCN Found Document:MITTS v. STAMPS

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 MITTS v. STAMPS
2015 OK CIV APP 7
Case Number: 111860
Decided: 12/15/2014
Mandate Issued: 01/23/2015
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2015 OK CIV APP 7, __ P.3d __

 

BERNICE T. MITTS, Plaintiff/Appellant,
v.
MARK STAMPS, et 
al., Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY, OKLAHOMA
HONORABLE DANA KUEHN, TRIAL JUDGE

VACATED AND REMANDED WITH INSTRUCTIONS

Ronald D. Cates, Tulsa, Oklahoma, for Plaintiff/Appellant
Damon E. Sacra, 
SACRA LAW PLLC, Tulsa, Oklahoma, for Defendants/Appellees


P. THOMAS THORNBRUGH, JUDGE:
¶1 Bernice T. Mitts appeals the district court's order disqualifying her 
attorney, Jeff Stephens, and the court's refusal to vacate that order. We find 
that the mandatory hearing and findings required before counsel may be 
disqualified did not take place. We vacate the order of the district court and 
remand the matter for a hearing on whether Stephens should be disqualified.
BACKGROUND
¶2 This case began in the small claims court as a forcible entry and detainer 
action filed by Stephens on Mitts' behalf against Defendant Mark Stamps. On 
September 27, 2012, Stamps appeared at the small claims hearing, apparently 
without counsel. The small claims court granted judgment to Mitts. On October 5, 
2012, Stamps, now represented by counsel, filed a motion to vacate. Stamps 
argued that the matter had been improperly presented to the small claims court 
as a forcible entry and detainer action, while it in fact involved a contract 
for deed, placing the matter outside of the small claims court's jurisdiction. 
He also complained that Mitts' attorney, Stephens, had previously given Stamps 
legal advice and assisted Stamps in the purchase of the involved property. On 
October 17, the small claims court vacated its judgment and sent the case for 
re-assignment to a district judge.
¶3 On October 29, the case was re-assigned to a district judge. On January 
22, 2013, Stamps filed an answer and counterclaim. He also filed a motion asking 
the court to disqualify Stephens. On February 1, 2013, a new attorney, Ronald 
Cates, made an entry of appearance on Mitts' behalf, seeking to extend the time 
to answer Stamps' counterclaim. This appearance did not mention extending any 
time to respond to the motion seeking to disqualify Stephens. No one filed a 
response to Stamp's motion to disqualify. On February 14, the court ruled that 
Stamps' motion to disqualify Stephens was "deemed confessed pursuant to District 
Court Rule 4(e)", and that "the Motion is granted."
¶4 On March 6, 2013, Stamps filed a motion asking the court to disqualify 
Cates, arguing that Cates was not acting as an independent counsel, but in 
association with Stephens, and thus Stephens' disqualification should be imputed 
to Cates. On March 14, 2013, Attorney Stephens (describing himself as Mitts' 
"former attorney") filed a motion seeking to vacate the court's February 14 
dismissal order. The motion was phrased as though attorney Stephens was the 
moving party, and did not identify Stephens as representing Mitts.
¶5 On May 6, the court denied Stamps' motion to disqualify Cates because it 
did not contain the required affidavit, and denied Stephens' motion to vacate 
his disqualification. Mitts now appeals the disqualification of Stephens, and 
the court's refusal to vacate it.[1]
STANDARD OF REVIEW
¶6 The standard of review for both denial of a motion for a new trial and 
denial of a motion to modify or to vacate a final order or judgment is the same: 
abuse of discretion. Capshaw v. Gulf Ins. Co., 2005 OK 5, ¶ 7, 107 P.3d 595. However, the 
disqualification was not challenged on its merits, but on the basis that the 
court's order is void as a matter of law for failure to hold a mandatory hearing 
before disqualification. The abuse of discretion question is therefore settled 
by our de novo review of the dismissal's legal and procedural validity. 
Smith v. City of Stillwater, 2014 OK 42, ¶ 11, 328 P.3d 1192.
ANALYSIS
¶7 The Oklahoma Supreme Court has conferred a special procedural status on 
motions to disqualify counsel. As the Court most recently re-affirmed in 
Miami Bus. Servs., LLC v. Davis, 2013 OK 20, 299 P.3d 477, a trial court 
considering such a motion must follow the procedure set forth in Piette v. 
Bradley & Leseberg, 1996 OK 
124, ¶ 2, 930 P.2d 183, and 
Arkansas Valley State Bank v. Phillips, 2007 OK 78, 171 P.3d 899, before ruling whether 
an attorney should be disqualified based on conflict of interest or improper 
possession of confidential information. Miami Bus, ¶ 24. The trial 
court must hold an evidentiary hearing, and then make a specific factual finding 
in its order that the attorney either had, or did not have, knowledge of 
material and confidential information. Id. Without such findings, we 
cannot review the correctness of the courts' disqualification decision, or any 
exercise of discretion in refusing to vacate the disqualification.
¶8 The district court relied on District Court Rule 4e (motion may be deemed 
confessed if not responded to) and Rule 4h (motions may be decided by the court 
without a hearing). We find no current case law holding that Miami Bus 
and Piette place motions to disqualify counsel outside of the 
provisions of Rule 4e and Rule 4h. Nevertheless, those decisions are clear that 
the right to choose counsel is fundamental, and counsel cannot be disqualified 
without the required hearing and findings, even when a disqualification motion 
goes unanswered. We therefore remand this matter for a hearing consistent with 
the Miami Bus decision.
CONCLUSION
¶9 The Supreme Court has mandated an evidentiary hearing before a court may 
order a disqualification of counsel for a conflict of interest. District courts 
cannot rely on Rule 4h when considering a motion to disqualify or Rule 4e when 
such a motion goes unanswered. We therefore vacate the order disqualifying 
counsel, and return this matter to the district court for hearing on Stamps' 
motion to disqualify.

¶10 VACATED AND REMANDED WITH INSTRUCTIONS.

FISCHER, P.J., and RAPP, J., concur.

FOOTNOTES

[1] 
Although these questions are mooted by our decision, we note that 1) although an 
order disqualifying counsel is immediately appealable, the decision was never 
reduced to the form of a an appealable order in this case, and was presented to 
us as a minute order; 2) although Mitts appeals the refusal to vacate the 
disqualification, Mitts did not file any motion to vacate the 
disqualification in the district court. It was Stevens who filed the 
motion, styling it on his own behalf, and stating that Stevens was not Mitts' 
counsel at that time; and 3) it remains undetermined if Stevens had any 
individual standing to appeal the disqualification 
order.





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2005 OK 5, 107 P.3d 595, CAPSHAW v. GULF INSURANCE COMPANY
Discussed
 2007 OK 78, 171 P.3d 899, ARKANSAS VALLEY STATE BANK v. PHILLIPS
Discussed
 1996 OK 124, 930 P.2d 183, 67 OBJ 3566, Piette v. Bradley & Leseberg
Discussed
 2013 OK 20, 299 P.3d 477, MIAMI BUSINESS SERVICES, LLC v. DAVIS
Discussed
 2014 OK 42, 328 P.3d 1192, SMITH v. CITY OF STILLWATER
Discussed