MCGEE v. AMOCO PRODUCTION CO.



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:MCGEE v. AMOCO PRODUCTION CO.

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 MCGEE v. AMOCO PRODUCTION CO.
2019 OK 7
Case Number: 117511
Decided: 02/26/2019
As Corrected: March 5, 2019
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2019 OK 7, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 



RONALD W. MCGEE as Trustee of the WATTS RANCH, LLC; NORA ANN WATTS ENIS; JUDY R. DURANT; JOHNYE L. BARNES; THE ESTATE OF CLARA JOANN SMITH; and THE C & J WILCOX FAMILY TRUST, Plaintiffs/Appellees,
v.
AMOCO PRODUCTION COMPANY, Defendant/Appellant,
and
TERRY J. BARKER, ROBERT LAWRENCE and JOSEPH C. WOLTZ, Additional Non-Party Appellees.

MEMORANDUM OPINION


COMBS, J.:
¶1 On November 6, 2018, the Defendant, Amoco Production Company (Amoco), filed a Petition in Error seeking review of a trial court Order denying Amoco's motion to disqualify Plaintiffs' counsel. On November 19, 2018, this Court placed this case on the fast track docket pursuant to Okla. Sup. Ct. R. 1.17 (III).
¶2 In the Brief in Chief, Amoco asserts the trial court's Order provides only summary holdings and provides no specific findings and conclusions for denying disqualification as required by Miami Bus. Servs., LLC v. Davis, 2013 OK 20, 299 P.3d 477. In Miami, the plaintiff moved to disqualify defendant's attorney based on past representation of the plaintiff. The trial court denied the motion. The trial court held a hearing but its order did not contain any findings of fact or conclusions of law; it at least listed the briefs and documents it reviewed to make its decision. Miami Bus. Servs., LLC, 2013 OK 20, ¶4. We determined it was essential that the facts relied upon by the trial court appear in a record in order to have meaningful appellate review and a trial court must follow the procedures set forth in Piette v. Bradley & Leseberg[1], 1996 OK 124, 930 P.2d 183 and Arkansas Valley State Bank v. Phillips[2], 2007 OK 78, 171 P.3d 899. Miami Bus. Servs., LLC, 2013 OK 20, ¶24. We held:
Before ruling whether an attorney should be disqualified based on conflict of interest or improper possession of confidential information, it must hold an evidentiary hearing. The trial court must then make a specific factual finding in its order of disqualification or its order denying disqualification that the attorney either had, or did not have, knowledge of material and confidential information. If the ruling is appealed, we will then, when reviewing the order, review the trial court's findings of fact for clear error and carefully examine de novo the trial court's application of ethical standards.
Id. (emphasis added). We then concluded:
The trial court is still required to submit written findings or create a record setting forth its factual and legal support for its ruling when making its decision to deny a motion to disqualify counsel in the same manner it would if it were granting such a motion. Otherwise, a petitioner appealing the denial of a motion to disqualify counsel is denied any substantive basis for their appeal and no meaningful way to challenge the factual and legal findings that serve as the basis for the trial court's ruling.
Id., ¶25 (emphasis added). The order denying disqualification of counsel was vacated and the matter was remanded for proceedings consistent with the opinion. Id.
¶3 Like Miami, a hearing was held in the present case. The Order denying disqualification of counsel made no findings setting forth its factual and legal support for its ruling. The Order merely provides that the defendant "lacks standing to move for disqualification," "has failed to present any valid grounds for disqualification," and "has identified no conflict between the interests of the [various] Plaintiffs." The transcript of the October 31, 2018, hearing, concerning the motion to disqualify counsel, does not contain the trial court's findings or indicate what legal support it will rely upon to make its later ruling. Miami and Arkansas Valley State Bank both concerned the issue of an attorney having confidential information and therefore the specific findings required in those opinions related to whether an attorney either had, or did not have, knowledge of material and confidential information. The present case concerns allegations the Appellees' attorneys have a conflict of interest between the various clients it represents in several actions. The nature of the alleged conflict of interest is based upon economic interests and not confidential information. However, this fact makes it no less important for the trial court "to submit written findings or create a record setting forth its factual and legal support for its ruling when making its decision to deny a motion to disqualify counsel." Id., ¶25. The purpose as set out in Miami is to avoid a situation where the "petitioner appealing the denial of a motion to disqualify counsel is denied any substantive basis for their appeal and no meaningful way to challenge the factual and legal findings that serve as the basis for the trial court's ruling." Id.
¶4 This Memorandum Opinion is not a ruling on the merits of the Order denying disqualification of counsel, but is intended to maintain compliance with existing precedent. The trial court's Order denying disqualification of counsel is vacated, and this cause is remanded for further proceedings sufficient to prepare a final order which makes findings setting forth the factual and legal support for the trial court's ruling. Specifically, in determining whether there exists grounds for disqualification of counsel, the trial court shall prepare an order which identifies what specific facts, if any, support the courts finding of the existence or non-existence of a conflict of interest and the legal support for such a determination. Additionally, the trial court should identify the facts and legal support for a finding that the Defendant has or does not have standing to challenge any perceived conflict of interest.

¶5 Gurich, C.J., Kauger, Winchester, Edmondson, Colbert, Reif, Combs, Darby, JJ., concur.
¶6 Wyrick, V.C.J., dissents.

FOOTNOTES

[1] In Piette, this Court issued an order wherein we held:
The trial judge's disqualification order is summarily reversed and the cause remanded for an evidentiary hearing. If, after holding a hearing, the trial judge should determine that plaintiff's attorneys should be disqualified, its order of disqualification must include a specific factual finding that attorney Wagner had knowledge of material and confidential information.
Piette, 1996 OK 124, ¶2.
The plaintiff appealed the order disqualifying his attorney. The order was based on a conflict of interest. No other facts concerning this case are mentioned in the order.

[2] In Arkansas Valley State Bank, a Bank moved to disqualify defendant's counsel based upon its belief he obtained privileged information by a former bank employee. The defendant's counsel, however, had never represented the Bank. The trial court granted the motion. The order was vague, but this Court interpreted it to say the court relied on "the appearance of impropriety" standard, and we held that was not the proper standard. Arkansas Valley State Bank, 2007 OK 78, ¶22. Another reason for reversing the order was that the order did not contain specific findings of fact as required by Piette. Id., ¶¶ 8, 25. We held:
Before the trial court can determine that an attorney should be disqualified based on conflict of interest or improper possession of confidential information, it must hold an evidentiary hearing and make a specific factual finding in its order of disqualification that the attorney had knowledge of material and confidential information.
Id., ¶8 (emphasis added). The matter was reversed and remanded to the trial court for new proceedings.
 




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2007 OK 78, 171 P.3d 899, ARKANSAS VALLEY STATE BANK v. PHILLIPS
Discussed at Length
 1996 OK 124, 930 P.2d 183, 67 OBJ 3566, Piette v. Bradley & Leseberg
Discussed at Length
 2013 OK 20, 299 P.3d 477, MIAMI BUSINESS SERVICES, LLC v. DAVIS
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA