IN THE MATTER OF THE GUARDIANSHIP OF L.R.M.
2023 OK CIV APP 31
Case Number: 120831
Decided: 08/29/2023
Mandate Issued: 09/21/2023
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2023 OK CIV APP 31, __ P.3d __

 

IN THE MATTER OF THE GUARDIANSHIP OF L.R.M., A MINOR CHILD, and R.A.M., A MINOR CHILD,

DAVID RICHARDSON, DONNA RICHARDSON, Maternal Grandparents, Co-Guardians of R.A.M., Emergency Co-Guardians of L.R.M., Appellants,
v.
CIERRA MIDDLETON, Mother of L.R.M. and R.A.M., Appellee.

APPEAL FROM THE DISTRICT COURT OF
MARSHALL COUNTY, OKLAHOMA

HONORABLE GREGORY L. JOHNSON, TRIAL JUDGE

AFFIRMED

MaryGaye LeBoeuf, Oklahoma City, Oklahoma, for Appellants

Mary E. (Betsy) Clark, Madill, Oklahoma, for Appellee

STACIE L. HIXON, JUDGE:

¶1 David Richardson and Donna Richardson (collectively "Grandparents"), co-guardians of R.A.M. and emergency co-guardians of L.R.M., appeal the trial court's October 6, 2022 order denying their motion to disqualify Mary Clark as the attorney for their daughter, Cierra Middleton ("Mother"). The crux of the issue is whether the evidence presented at the hearing showed Clark lacked confidential information material to the present case, despite working in a law firm with Eric Jones, a deceased lawyer who represented Grandparents against Mother in the initial guardianship proceedings, and despite being responsible for disposing of his files after his death. Based on our careful review of the record and applicable law, we affirm the trial court's order.

BACKGROUND

¶2 In August 2017, Grandparents filed their petition seeking a guardianship over R.A.M. in Marshall County Case No. PG-2017-09. Mother contested the guardianship. After a two-day trial, Grandparents were appointed as the child's co-guardians, and the order appointing them as co-guardians was filed in August 2017. During these proceedings, Grandparents were represented by an attorney, Eric Jones, and Mother was pro se. Jones also represented Grandparents at a review hearing held approximately six months later in February 2018. The Summary Order of the review hearing states no further review hearings were set unless set by application of the parties.

¶3 Jones died several years later in January 2022. About six months after his death, in June 2022, Grandparents sought and obtained an emergency guardianship over Mother's other child, L.R.M., and filed a petition for a permanent guardianship in Marshall Co. Case No. PG-2022-09. Mother, represented by Clark, contested the guardianship being entered over L.R.M. and also sought to terminate the guardianship over R.A.M.

¶4 Grandparents then filed a motion to disqualify Clark as Mother's counsel based on a conflict of interest. They asserted that Jones and Clark were law partners before his death and alleged Clark had access to confidential materials contained in their file from the guardianship case involving R.A.M. In response, Clark filed an affidavit stating she had never seen the file, had not learned anything about the case from anyone other than Mother, and was not aware Jones had previously represented Grandparents.

¶5 The trial court held an evidentiary hearing on Grandparents' motion on October 3, 2022. The evidence at the hearing focused on whether Jones and Clark were associated together in a law firm, and whether Clark had access to the file on the initial guardianship proceeding involving R.A.M. After hearing the conflicting evidence presented at the hearing, the trial court found that though Jones and Clark were associated in the same law firm, Clark did not gain knowledge of any material or confidential information that would jeopardize the integrity of the judicial process. Accordingly, the court denied Grandparents' motion to disqualify, and the order was filed on October 6, 2022. Grandparents appeal.

STANDARD OF REVIEW

¶6 The denial of a motion to disqualify is immediately appealable as a final order because it affects the substantial rights of a party. Bd. of County Comm'rs v. Assoc. of County Commissioners of Oklahoma Self-Insured Group, 2021 OK 15485 P.3d 234de novo the trial court's application of ethical standards. Id. The standard for disqualifying counsel is whether real harm to the integrity of the judicial process is likely to result if counsel is not disqualified. Id. This is a high standard to meet, and the burden rests with the moving party to establish the likelihood of harm by a preponderance of the evidence. Id.

ANALYSIS

¶7 Grandparents allege the trial court erred by denying their motion to disqualify Clark from representing Mother based on her access to confidential information by virtue of her association with Jones, their former lawyer in the guardianship case.

¶8 The Oklahoma Supreme Court recognizes that a party in a civil proceeding has a fundamental right to employ and be heard by counsel of his or her own choosing. Arkansas Valley State Bank v. Phillips, 2007 OK 78171 P.3d 899Id. at ¶ 13. The Court has acknowledged that other jurisdictions use various differing tests to review a motion to disqualify counsel, some of which require a lesser showing by the moving party than others. Id. at ¶ 17. However, the Court has placed a heavy burden on the party moving for disqualification to show by a preponderance of the evidence that real harm to the integrity of the judicial process is likely to result if counsel is not disqualified. Id. at ¶ 25.

¶9 In cases where a party is seeking disqualification based on an alleged conflict of interest or improper possession of confidential information after holding an evidentiary hearing, the trial court must make a specific factual finding in its order either requiring or denying disqualification, that the attorney either had, or did not have, knowledge of material and confidential information. See id. at ¶ 25; Miami Bus. Servs., LLC v. Davis, 2013 OK 20299 P.3d 477Bd. of County Comm'rs, 2021 OK 15see also Arkansas Valley State Bank, 2007 OK 78

¶10 In Board of County Comm'rs, 2021 OK 15and (2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter[.]" (emphasis added).

¶11 The Court found the matters were "similar." Id. at ¶ 21. However, disqualification was not proper because the evidence at the hearing showed the lawyer only had access to general information about the former client's policies and not any knowledge of specific facts that would preclude representation. Id. at ¶ 24. Specifically, the lawyer testified that he had: 1) never met with the former client, other than one lunch meeting he attended with a firm partner; 2) never obtained any confidential information or had any personal recollection of any; 3) never met any of the former client's employees; and 4) never participated in settlement conferences or depositions. Id. at ¶ 23. The partner of the lawyer's prior law firm, who also formerly represented the client, testified that the lawyer obtained no confidential information from the work he did with the former client. Id. In view of this evidence, the Court found the trial court's denial of the disqualification was not clear error and affirmed the trial court's decision.Id. at ¶¶ 23, 25.

¶12 The present case also implicates Rule 1.9(b) of the Oklahoma Rules of Professional Conduct. At the hearing, it was undisputed that Clark was now representing Mother, whose interests are materially adverse to Grandparents, and that Jones previously represented Grandparents in the same and a substantially related matter.

¶13 Briefly, in regard to whether Jones and Clark were associated in a law firm, Clark maintained that though she and Jones worked in the same office, they were not "partners" in the firm.

¶14 At the hearing, Ms. Richardson testified she was concerned about Clark representing Mother because Jones and Clark were associated in the same law office, and Clark would have had access to Grandparents' file, which would have contained confidential information. However, Clark presented evidence that she had not viewed the file and did not learn anything about the case at the time she was associated with Jones. Significantly, Clark testified that she did not begin working at the law firm until mid-2020, which was after the guardianship over R.A.M. was entered in 2017 and after the review hearing in 2018. Kimberly Johnson, Clark's legal assistant, testified that Clark lacked first-hand knowledge of Jones's private clients (such as Grandparents), and that Clark only helped Jones with his OIDS clients. Johnson also testified that she never saw Clark go into Jones's files and start reading old cases and that Clark never expressed an interest in doing so. Furthermore, Clark testified that when she was helping Jones at home after work due to his illness, they did not talk about work as she was focused on making him comfortable and getting him to bed. She further testified that she had never heard of Grandparents until Mother came to her office seeking legal assistance.

¶15 Clark also presented evidence that she did not currently possess Grandparents' file, though she was admittedly the person tasked with disposing of Jones's files after his death. Johnson testified that after Jones's death, the landlord notified Clark that she needed to sign a lease for the office space in her name if she planned on staying there. Instead, Clark moved to a different office space because Jones's files were so unorganized and "all over the place." Johnson testified they were under a time crunch, and they moved about 50 boxes of files to a lawyer named Brett Morton's office. Johnson testified that other files were supposed to be destroyed but were erroneously placed in a trash can, resulting in the Oklahoma Bar Association (OBA) retrieving the files and destroying them.See Mueggenborg v. Walling, 1992 OK 121836 P.2d 112

¶16 The evidence Clark presented at the hearing to show her lack of knowledge of confidential information was similar to the attorney's testimony in Board of County Comm'rs, 2021 OK 15Board of County Comm'rs, the trial court in this case accurately described this cause as "extremely troubling" and stated that it "doesn't look good."

¶17 In this case, however, the trial court found Clark's and Johnson's testimony averring a lack of knowledge of confidential information was credible, and by carefully following Supreme Court precedent, found disqualification was improper because Grandparents' evidence fell short of showing Clark gained knowledge of any material and confidential information that would jeopardize the integrity of the judicial process. We are also duty bound to follow Supreme Court precedent and to defer to the trial court's credibility determinations.

¶18 Accordingly, based on the evidence presented at the hearing, we find the trial court did not commit clear error by not requiring disqualification, and therefore, we affirm the court's order filed October 6, 2022.

¶19 AFFIRMED.

BARNES, V.C.J., and WISEMAN, P.J., concur.

FOOTNOTES

See Okla. Sup. Ct. R. 1.11(k).

Id. at ¶ 24.

different client whose interests were materially adverse to Jones's former clients in the same or substantially related proceeding, rather than from Clark representing one of Jones's former clients.